AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| | |
|---|---|
| **United States District Court** | District NEW MEXICO |
| Name of Movant Andrew Michael Santillanes | Prisoner No. PNM 33948 |
| Place of Confinement PNM-MAIN, Po 1059, Santa Fe, NM 87504 | Case No. CR-39227 |

*FILED*
*AT ALBUQUERQUE NM*
*Apr 21 1997*
*ROBERT M. MARCH*
*CLERK*

UNITED STATES OF AMERICA    v.    Andrew M. Santillanes

(name under which convicted)

**MOTION** CIV 97 0549 LH

**DON J. SVET**

1. Name and location of court which entered the judgment of conviction under attack The 2nd Judicial District; County of Bernalillo

2. Date of judgment of conviction (7-11-85) July 11, 1985   1st Degree Murder

3. Length of sentence Life Imprisonment & 6yrs Consecutive

4. Nature of offense involved (all counts) Murder (1st) And (2) Armed Robberies

5. What was your plea? (Check one)
   (a) Not guilty   ☒
   (b) Guilty   ☐
   (c) Nolo contendere   ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   ☒
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court NM Supreme Court

   (b) Result NO ERROR; DENIED

   (c) Date of result 9-3-86

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court U.S. District

     (2) Nature of proceeding Habeas; Denied, State not Exhausted 12-4-87

     (3) Grounds raised Attached

     (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ☐ No ☒

     (5) Result Denied; State not Exhausted

     (6) Date of result 12-4-87

   (b) As to any second petition, application or motion give the same information:

     (1) Name of court 2nd Jud. District; Bernalillo

     (2) Nature of proceeding Habeas

     (3) Grounds raised N/A (lost)

**(4)** Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☑

**(5)** Result _Denied_

**(6)** Date of result _8-15-94_

**(c)** Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
**(1)** First petition, etc.          Yes ☐ No ☑
**(2)** Second petition, etc.        Yes ☐ No ☑

**(d)** If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Ignorant to said bar & inadequate In-House legal Assistance; I Brian Torisso, Pro Se have been helping Petitioner with Exhausting State on the real grounds that Counsel appointed refused to raise or defend for Petitioner, & Attached is a Supplemental Grounds Attachment a memorandum of law that 2nd District & Supreme (Certiorari) Have Denied (Habeas Certiorari attached/ orders) Re-opening this case starting 2/97 Habeas the correct & only grounds.

Signed on this 2nd Day of April 1997, under the pains & penalties of perjury.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
**(a)** Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
**(b)** Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Conviction obtained by Constitutional failure of the Prosecution to disclose to the Defendant Evidence favorable to the Defendant – Petitioner

Supporting FACTS (state *briefly* without citing cases or law)

Supplemental Grounds Attachment (attached)

_____

_____

_____

_____

B. Ground two: Denial of Effective Assistance of counsel at Trial & on Appeal

Supporting FACTS (state *briefly* without citing cases or law):

Supplemental Grounds Attachment (attached)

_____

_____

_____

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Joseph Riggs (P.Def.) _____

(b) At arraignment and plea Joseph Riggs _____

(c) At trial Joseph Riggs (P.Def.) address unknown _____

(d) At sentencing Joseph Riggs _____

(e) On appeal _Wendy E. York    Asst. Appellate Def._

(f) In any post-conviction proceeding _N/A_

(g) On appeal from any adverse ruling in a post-conviction proceeding _N/A_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_4/9/97_
(date)

_____
Signature of Movant

THE 2nd JUDICIAL DISTRICT        *The US District Court*
COUNTY OF BERNALILLO ●    9/    *For The District o● New Mexico*
STATE OF NEW MEXICO


ANDREW MICHAEL SANTILLANES

                    Petitioner
          V.                                    #CR-39227


STATE OF NEW MEXICO                                    #

                    Respondent


          Supplemental Ground Attachment(s) and Memorandum Of Law in
          Support of Habeas Corpus


Re:
Ground#1:Conviction obtained by Constitutional failure of the Prosecution to
 disclose to the Defendant evidence favorable to the DEfendant/Petitioner;
(Confidential Informant(s),Staement(s) made by Co-Defendant turned State Witness,
and Law Enforcement Officer.)


Ground#2:Denial of Effective Counsel at Trial and on Appeal:
(Competence, Scope of representation,Diligenceand Communication.)


                                        Respectfully Submitted,

                                          Andrew M. Santillanes,Pro Se
DATE: *2/9/97*                            P.O. 1059  (PNM-MAIN #33948)
                                          Santa Fe, N.M. 87504

                                        s/
                                        *Andrew Santillanes*

                                        *Andrew Santillanes*


*Presented by:*
*Brian Torisso, Pro Se*
*PO 1059*
*Santa Fe, NM 87504*
*B. T.*

"TRIAL and COURT of APPEALS PROSECUTION and DEFENCE VIOLATION(S)"

Said "Peace Officer" Detective Edward Pacheco did knowingly violateNew Mexico Chpt. 29-1-1:Diligence of filing report(s) and information as follow,s;

Detective Pacheco met with informant(s) at a City Park AND only received first name(s).They told (Pacheco) they were at a Christmas Party AND that (someone) at party received a phone call;said(somebody) then told everyone at the party and Informant(s) that (Sadełlo) committed the murder of (McCurtain).Informant(s) "did not say" where party was or give the (someone) nor the (callers) name to (pacheco).

Next day Informant(s) say (someone) helped (Sedillo) commit the alledged murder.INFORMANT(s) said they will call (Pacheco) later in the day with the name of the accomplice;but (Pacheco) testifies the "caller" was(someone)else, stating that the accomplice was (Santillanes) who had been involved with(Sedillo) in the murder of (McCurtain).

1-2-85(Pacheco) states he received information that 3 people had been involved in the murder.That same day (Pacheco) arrested (Sedillo)on murder.The same day (Sedillo) gives astatement that (Santillanes) murdered (McCurtain).

"ARGUMENT"

PACHECO STATES,He then forgot names of the informant(s) and their addresses; but previously stated he only recieved their first name,s of the first informant(s) and nothing else.......(PERJURY)

The DEFENCE COUNSEL asked if informant(s) were in fact "SEDILLO,S" family member,s.Prosecution then stepped in and stated about "CONFIDENTIALITY". Matter was dropped and not brought up again by DEFENCE COUNSEL........

INEFFECTIVE COUNSEL under "State  V.  Luna,92  N.M. 680,685,594 P.2d 340,345 (Ct.App. 1979) are reviewable "regardless of adherence to procedural rules.

Thus,in view of Luna,Petitioner,s ineffective assistance of counsel has not been waived by Petitioner,s failure to raise the issue on direct appeal and is currently reviewable in a State Habeas Proceeding.

It was then said "DIRECT EVIDENCE"  is the testimony by SEDILLO against SANTILLANES,but JURY did hear all about "Confidential Informant(s)" by Prosecution,and even if JUdge had stricken this peace of evidence from record, the JURY still would of had this particular part of trial in the back of their heads,as we are only human and do basically dwell on fact,s;BUT that is the problem with this whole case(FACT(S)):Are they really their and/or is the Prosecution and said Defence Counsel really beyond their Cannon(s) and Ethic(s).

C.A.(ILL) 1986. Accom●ice testimony that defendant took part in murder is
inherently unreliab●n murder trial,and often moti●ed by factor,s
such as malice toward defendant and promise of leniency or immunity.


U.S, ex rel. , Miller  V.  Greer,789 F.2d 438;cert.granted Greer  V.Miller,
107 S.CT. 568,479 US 983,93 L.ed. 2d 573;REVERSED 107 S.CT. 3102,483 US 756,
971 L.ed 2d 618;rehearing denied 108 S.CT. 30,483 US 1056,97 L.ed 2d 819;
on remand 832 F.2d 1057



It should be known to this HONORABLE COURT,that on 1-16-86 SEDILLO was
sentenced "JNS" to 15 yr.s of which 7 yr.s and 6 mo.s were suspended,placed
on probation 5 yr.s,0  prob. costs,complete in-house Drug/Alcohol treatment
and other  "PROTECTED CLAUSES" by the court.(ATTACHED)

AND SEDILLO was not prosecuted for first informant,s statement,which was
obviously brought out the day he was arrested;"SEDILLO committed the murder
of McCurtain"........And the statement Sedillo signed that first day he was
arrested and all the other statement,s he has signed,which do vary;but
DEFENCE COUNSEL never argued this point or several other point,s by prosec-
ution brought up unethically and there was "no objection,s" by  said counsel.

IT should be known to said BAR that defendant is and was alway,s ignorant
to said BAR,and thats easily proven by the way defendant,s court process
has been filed.This should of been a mis-trial,due to  prosecution and said
counsel and evidence shown.It was not and proceeded to Court of Appeals.


Again said defence counsel was ineffective and a judgment was entered of
"no err".Said defense appellate counsel did not file a CERTIORARI,and instead
told defendant,"I think your issue is a good one."and "I hope that you pursue it to
it,s fullest in Federal  Court".......(Attached) How can Wendy E. York tell
her  client this when the state has not even been exhausted yet....
This was clearly  a writ  of CERTIORARI.


"REASONABLE COMPETENT" TEST____The 6th Amend. demands that  defense
counsel exercise the skill,judgment and diligence of a reasonably
competent defense attourney. STATE   V.   ORONS,97 N.M. 232,
638 P.2d 1077,(1982)


In  considering a claim  of ineffective counsel/assistance,
 the performances inquiry must be whether counsel,s assistance
was  reasonable considering all the circumstance,s.
STATE V. DEAN,105 N.M. 5,727 P.2d 944(CT.APP.1986)


I am fully aware after U.S. District Court made their ruling
12-4-87 (attached),two other HABEA,S were written/filed back to
2nd District of said county;8-15-94 and 3-1-96(3-1-96 attached),
and for this reason and to petitioner being ignorant to said
BAR and ineffective counsel;and misleading In-House Litigant,s
filing ineffective and ground,s and deluging this court with
ignorance.          (3)

· And advising petitioner I'm incompetent. I ask this Honorable
Court to have mercy on this petitioner and said Writ, and
to really look at what has been laid as ground and the signif-
icant,s of said ground,s. These are the real issue,s of this
case and it has taken since 9-3-86 to and for petitioner to
find someone to help and tell him the truth  of the judiciary
process.


C.A. (NM)1984.TO support criminal conviction,evidence must be
substantial and must do  more than raise mere suspician of guilt;
if evidence is consistent with both innocence and guilt it
cannot support a conviction..US V. VAROZ,740 F.2d 772


I am trying not to deluge this Honorable Court with common and
binding law;all I ask is for this Honorable Court to take a look
at these violation,s and ground,s as  listed above and below....


VIOLATION(S) ARE AS FOLLOWS:

                    N.M. CONST. ART. ss 1,2,4,14+18

                    U.S. CONST.,5th 6th +14th AMEND.S
                    By ineffective counsel and prose-
cution misconduct violating these right,s and quasi-judicial
cannon,s/ethic,s and NM R.PROF.C. ART,1,16-101,102,103+104.


It should also be said that defense counsel advised and told
defendant (NOT) to  take the stand and testify on his own be-
half which is the real issue at why defendant was found guilty
by the jury and lack of cross-examination by defense counsel.

Defendant did take a lie detector test(POLYGRAPH)and I,m in
the process of  getting the possitive results of defendants
innocence in the above mentioned case.THe test was passed.

It should be known to this court that  defendant will at  any
time take a polygraph  by a state  certified  examiner and if
need be set up some kind of payment plan to pay for said  such
cost of said polygraph........

McCormicks Evidence on polygraphs 2.06(3rd  ed. 1984)

Polygraphs are admissable..USCA AMEND.S 5th+14th(credibility)

But,not all court,s take this view,and their exclusion is not
universal.US V. RUMELL,642 F.2d 213,215(7th Cir. 1981)


Polygraphs may corroborate vital testimony or other evidence
They may even provide a PRISONER with exculpatory evidence.
VIENS V. DANIELS,871 F2d at 1335;VARNSON V. SATRAN,368 nw 2d
533(ND 1985)


N.M. 11-707.Polygraph examinations..

(C)Admissibility of results.
(D)Notice of  examination

Determinations to be made by court-----Contested factual issues
on the admissability of scientific evidence,and of polygraphs

examinations in particular,are factual determinations to be
made by the trial court.BAUM V. OROSCO,106 NM 265,742 P2d 1
(ct app. 1987)

Expert opinions must be based on resonable probability-----
In ruling on the admissibility of expert testimony,the court
must determine whether the scientific procedure which supports
the testimony is based on a well-recognized scientific prin-
ciple or discovery and whether ti is capable of support ing
opinions based on a resnable probability rather than conjecture.
STATE V. MARTIN,101 NM 595,668 P2d 937(1984)

Would show this Honorable Court a "MISCARRIAGE OF JUSTICE" was
issued on defendant;and would also close this matter once and
for all....The jury,s verdict was mis-lead by prosecutor and
defence counsel,s lack of knowledge to said bar and cross-
examination(s).

There is a rule,more ancient than the h earsay rule,and
having some kinship in policy,which is to be distinguished
from it.This rule is that a witness is qualified to testify
to a fact susceptable of observation,only if it appears that
he had a reasonable opportunity to observe the facts.
McCormick on Evidence #247

Defendants due process rights can be violated when prosecutor
was not,but should of been,aware that his witness was
lying.USCA 5th+14th AMEND.S;BUITRAGO V. SCULLY,705 F.SUPP. 952.

"There is no analytical difference between saying"Prosecut-
orial misconduct"does not violate the due process clause
unless it is call for a new trial under"Kotteakos" and saying
"Prosecutorial misconduct is fundamentally unfair and violates
the due process clause,but it leads to a new trial only if it
meets the standards of "Kotteakos".(qoute);MILLER V. GREER,
789 F2d 438,455(7thCir. 1986)

Cross-examination at the preliminary hearing must be designed
as to extract the maximium amount of information from the
witness.

Argue also that the preliminary hearing is not simply a forum
for the presentation of the bare outlines of the prosecutions
case."It is a search for the truth". Th ere would be little
purpose in the entire procedure if defendants were not permitted
to avail themselves of the right to examine the witness.
F.LEE.BAILEY+HENRY B.ROTHBLATT;CRIMES OF VIOLENCE;HOMOCIDE+
ASSUALT ss 298.

"True Counsel for the defendant may be snoozing.But drowsiness
is yet another preventable problem,and the errors of counsel
will be overloked unless they were so substantial that they
probably change the outcome of the trial.STICKLAND V. WASHINGTON,
466 US 668,104 S.CT. 2052,80 L.ED 2d 674(1984);HILL V. LOCK_
HART,---US---106 S CT 366,369,88 L.ed 2d 203(1985)

Effective Assistance of Counsel is one of the fundamental
rights of accused and essential element of due process.
USCA 5th+6th Amend.s;US V. (UNDER SEAL),774 F.2d 624;cert.
denied,DOE V.US,106 S.ct 1514,475 US 1108,89 L.ed 2d 913.


"I had thought it self-evident that all men were endowed by
their Creator with Liberty as one of the cardinal unalienable
rights.It  is that basic freedom which the "Due Process Clause"
protects,rather than the particular rights or priviledges con-
ferred by specific laws or regulations.MEACHUM V. FANO,427 US
215,230,96 S.CT. 2532,2541,49 L.ed 2d 451(1976)(STEPHENS.J.
,DISSENTING)


I  thank   this Honorable Court for it,s time and patience.


                          RESPECTFULLY SUBMITTED,
                              ANDREW M. SANTILLANES,PRO SE
                              PO 1059(PNM-M#33948)
                              Santa  Fe,NM  87504


DATE: *2/14/97*                    S/
                                      *Andrew Santillanes*

                                      *Andrew Santillanes*
                                      *4/9/97*

STATE OF NEW MEXICO

(COUNTY OF ___BERNALILLO___ )

### IN THE DISTRICT COURT

ANDREW MICHAEL SANTILLANES ,
(Full Name of Prisoner)

    Petitioner,

    v.

**For Official Use Only**

No. **CIV 97  0549 H**
(to be supplied by the Clerk
of the Court)

**DON J. SVET**

___TIM LeMaster___
(Name of warden, jailor,
or other person having
power to release the
    petitioner)

    Respondent.

### PETITION FOR WRIT OF HABEAS CORPUS

#### Instructions - Read Carefully

You should exercise care to assure that all information provided in this form is true and correct. Make sure that all necessary documents are attached, or explain why the documents are not being included. If you are seeking free process, complete Criminal Form 9-403 [ELIGIBILITY DETERMINATION FOR INDIGENT DEFENSE SERVICES].

Finally, you must complete the certificate of service and mail or otherwise serve copies of this petition on the respondent and the district attorney in the county in which the petition is filed. You must file the original petition and one copy with the Clerk of the District Court. You should keep a copy for your own records.

1

## PETITION FOR WRIT OF HABEAS CORPUS

[1] Andrew M. Santillanes (name of person in custody) is imprisoned or otherwise restrained at PNM-Main,SANTA FE,N.M._____ (name of facility and county of detention) by Tim LeMaster _____ (name and title of person having custody).

2. This petition

( X ) seeks to vacate, set aside or correct an illegal sentence or order of confinement pursuant to Article II, §§10, 12, 13, 14, 15, and 18 of the New Mexico Constitution and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution (i.e., ineffective assistance of counsel, illegal search and seizure, involuntary confession, or other matters relating to the trial or sentence the confined person received).

( ) challenges confinement or conditions of confinement or matters other than the sentence or order of confinement.

**CAUTION: This applies only to matters arising after the confined person arrived at the institution, i.e., county jail confinement, mental hospital confinement, detention facility confinement, good time credit, misconduct report, prison due process violation or parole).**

3. State concisely every ground on which you claim you are being held in violation of the constitution and laws of both New Mexico and the United States.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts.

**CAUTION: If you fail to set forth all grounds in this motion, you may be barred form presenting additional grounds at a later date. In this section, it is best to cite specific sections of the United States Constitution, as well as the New Mexico Constitution, to preserve your claims for federal court.  For example, if you are claiming that your conviction was obtained from an illegal seizure, you should cite the Fourth Amendment to the U.S. Constitution and Article II, §10 of the New Mexico Constitution.**

2

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

**Do not just check any of these listed grounds -- you must explain how they apply to your case.**

If you select one or more of these grounds for relief, you must allege facts to support it, otherwise your petition may be dismissed.

(a) conviction obtained by plea of guilty which was unlawfully induced (i.e. by unkept promise) or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea, in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and ;

(b) conviction obtained by use of coerced confession

(c) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) conviction obtained by use of evidence obtained pursuant to an unlawful arrest

(e) conviction obtained by a violation of the privilege against self-incrimination

(f) conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) conviction obtained by a violation of the protection against double jeopardy

(h) conviction obtained by actin of a grand or petit jury which was unconstitutionally selected and impanelled

(i) denial of effective assistance of counsel (at trial and/or on appeal -- state both if you claim it happened at each stage of representation)

(j) denial of right of appeal.

3

Supporting FACTS (state briefly without citing cases or law; in this section show how you were prejudiced or harmed)

A.    Ground one: Conviction obtained by Constitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant..

See attached Suplemental Ground attachment,s and Memorandum of law in support of Habeas Corpus..... (attached)

B.    Ground two: Denial of Effective Assistance of Counsel at Trial and on Appeal....

See attached Supplemental Ground attachment,s and Memorandum of law in support of Habeas Corpus.....(attached)

C.    Ground three: N/A

(If you have additional grounds, attach additional pages and follow this style.)

4.    Have the grounds being raised in this petition been raised previously in any other proceeding? If so, explain the result. If not, explain why not:

1st ground has been raised in similar ways at US District Court 12-4-87 Denied;Issues not exhausted in state(attached)

8-15-94 Bernalio,2nd District;Denied (don,t have)

3-1-96 Bernalillo,2nd District;Denied,Time Frame   (attatched)

Said petitioner is ignorant to BAR and has been falsly Represented..
Ineffective Counsel;ground #2;US District;(attached)12-4-87

5.    This petition seeks to vacate the petitioner's sentence and order of confinement and obtain a new trial.   In the alternative, the petitioner seeks to obtain an evidentiary hearing on the issues raised in this petition.   Additionally, the petitioner seeks the following relief:  (state here anything else you're asking for)

Just effective counsel and a new Trial based on Supplemental Ground attachment (attached)And Mercy from this Honorable Court. Judge W.C. Woody Smith; Bernalillo County Denied State Habeas a has A belief that he is 'About Burdine law). 3-17-97 (attached)

4

6. State the nature of the court proceeding resulting in the confinement (i.e., criminal prosecution, civil commitment, etc.), the case name, docket number, name of judge, and name and location of the court in which the proceeding was held:

State of New Mexico V. Andrew M. Santillanes;#CR-39227,JUDGE W.C. WOODY SMITH;2nd JUDICIAL DISTRICT OF BERNALILLO COUNTY.

7. State the date of the final judgment, order or decree for confinement and a summary of its terms:

7-11-85,guilty by jury on 1st degree murder and 2 armed robberies Life Imprisonment and two 3yr. term,s "Consecutively" w/5yr,s Parole a fee,s

8. Attach a copy of the judgment, order or decree. If not, explain why you are not doing so.

All Attached w/ Supplemental and letter,s(evidence to Supplemental)

9. Was the conviction the result of:

_____ Guilty plea

_____ No Contest plea (nolo contendere) (nolo) (Alford)

__xxxxx___ Finding of guilty by judge or jury

10. Was the confined person represented by an attorney during the proceedings resulting in the confinement?

___XX___ Yes

_____ No

11. If you answered "yes" to (10), list the name and address of each attorney who represented the confined person:

Joseph Riggs (address unknown) sentencing and trial

Wendy E. York,Asst.Appellate Defender (address unknown)

12. Was an appeal taken?

___XXX___ Yes
_____ No

13. If you answered "yes" to (12), list:

(a) The name of each court to which an appeal was taken, the case name and docket number, and date: (Attach a copy of each opinion or order)

9-3-86 Supreme Court of Appeals;#16,109;Santa fe:Denied,no error Direct Appeal:Attourney did not advise petitioner of his right to writ of cert. instead told him to file federal on his good issues

(attached)                         5

(b) Please list each of the grounds raised in each appeal

4 grounds(attached)

(c) The result of each appeal:

Denied;no error

(d) The name and address of the attorney on appeal:

Wendy e. York,Asst. Appellate Defender (address  unknown)

14.  State the reasons for not appealing:

Ineffective Counsel and IN-House litigant,s Ignorant to said bar just as petitioner is.........

15.  Apart from any appeals listed in (13), have any other post conviction applications, petitions or motions, been filed with regard to this same imprisonment or restraint? (have you ever filed a habeas petition on this conviction before?)

_____XXXX_____  Yes
_____  No

16.  If you answered "yes" to (15), list with respect to each such petition or motion:

(a) The type of proceeding:

8-15-94 Habea;Bernalillo,2nd District;Denied (not attached, don,t know where it is.)

12-4-87 Habea;us District;Denied,not exhausted(attached)

3-1-96 Habea;Bernalillo,2nd District;Denied,time limits(attache

3-17-97 Habeas; Denied (attached)  (Retroenal (Suprent)(attached)

It should be known these writs were filed incompetently and was not petitioners fault for trusting people who didn,t know what they wer doing.

(b) The name and date of each case, the docket number, the court, the administrative agency, institutional grievance committee from which relief was sought, and the result of each proceeding. (Attach a copy of each decision.)

Attached and above on 16(a)

(c) The issues raised in each proceeding:
Attached and not done correctly due  to ignorance to said Bar.

(d) State whether a hearing was held in connection with each of these proceedings:
 no/filed incompetently

(e) State whether the confined person was represented by an attorney in each proceeding and if so, the attorney's name and address:
 no/Guided by In-House Litigant(s) who were obviously Ignorant to said Bar;This should of been filed Certiorari in1986 by attourney, and now it has to be started correctly with this Honorables Courts time and patience.Thank You!!!!

17.   Do you seek the appointment of counsel to represent you?
    XXXX        Yes
_____   No

    If you would like the court to appoint counsel to represent you, are you able to pay the lawyer appointed to represent you?
_____   Yes
    XXXXXX      No

    **If you are not able to pay the lawyer appointed to represent you, you must complete Criminal Form 9-403.[ELIGIBILITY DETERMINATION FOR INDIGENT DEFENSE SERVICES].**

        (ATTACHED)

7

## VERIFICATION

STATE OF NEW MEXICO,
COUNTY OF _Bernalillo_

    I, the undersigned, being first duly sworn upon my oath, state that I am the petitioner in this action. I have read the foregoing petition and know and understand its contents, and the information contained herein is true and correct to the best of my knowledge, information and belief.

_Andrew Santillanes_
(Signature)

_PO Box 1059 Santa Fe New Mexico_
(Address) _( PNM # 33948 MAIN)_  _87504_

PNM No., if applicable _33948_

SUBSCRIBED AND SWORN TO before me this _9th_ day of _February_, 19_97_, by

_Andrew Santillanes_
(name of petitioner)

_D.A. Jungbeck_
Notary Public

OFFICIAL SEAL
D. A. JUNGBECK
Notary Public—State of New Mexico
My Comm. Expires SEP 21, 1997

My Commission Expires

## CERTIFICATE OF SERVICE

    I hereby certify that true copies of the foregoing petition were served upon the respondent and the district attorney in the county in which the petition is filed by _Petitioner / Andrew_ (describe manner of service), this _____ day of _M. Santillanes_, 19_97_

_Andrew Santillanes_
(Signature of petitioner)

    NOTE:  After this petition is reviewed by the Court, the Court will enter the order granting or denying the writ or ordering a response before further action. The order shall be prepared by the Court.

# UNITED STATES DISTRICT COURT

### DISTRICT OF NEW MEXICO
OFFICE OF THE CLERK
DENNIS CHAVEZ FEDERAL BUILDING
AND U. S. COURT HOUSE
P.O. BOX 689
ALBUQUERQUE, NEW MEXICO 87103

**JESSE CASAUS**
CLERK OF COURT

**RICHARD M. LAWRENCE**
CHIEF DEPUTY CLERK

(505) 766-2851
FTS 474-2851

**DIVISIONAL OFFICES**
P. O. BOX 2384
SANTA FE 87501
(505) 988-6481

ROOM C - 309
200 EAST GRIGGS
LAS CRUCES, 88001
(505) 523-8220

December 4, 1987

TO: Mr. Andrew Santillanes
NMDC #33948, CB #2
P. O. Box 1059
Santa Fe, New Mexico  87504-1059

Patricia A. Gandert, Esq.
Assistant Attorney General
P. O. Drawer 1508
Santa Fe, New Mexico  87504-1508

Re:  **Andrew Michael Santillanes v. George E. Sullivan**
CIV NO. 87-1178 M

The findings and recommendations of the Magistrate are enclosed.

For your information, 28 U.S.C. 636(b)(1) provides, "Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."

JESSE CASAUS, Clerk

by: *May Orchulta*
Deputy Clerk

RECEIVED
SEP 09 1986
GALLAGHER & CASADES

SUPREME COURT OF NEW MEXICO
FILED
SEP-3 1986

IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Appellee,

vs.

No. 16,019

ANDREW MICHAEL SANTILLANES,
a/k/a JOSEPH SANTILLANES,

Appellant.

RECEIVING
SEP 8 - 1986
SANTA FE DIST. OFFICE
PUBLIC DEFENDER DEPT.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY

W. C. Woody Smith, District Judge

D E C I S I O N

RIORDAN, Chief Justice.

Defendant Andrew Santillanes (Santillanes) was convicted of felony murder and two counts of attempted armed robbery. He was sentenced to life imprisonment for murder and given three years on each attempted armed robbery charge, all sentences to be served consecutively.

On December 24, or the early morning hours of December 25, 1984, Santillanes and James Sedillo (Sedillo) picked up two men, Delbert Bernally (Bernally) and Bernard McCurtain (McCurtain) as they walked along the road. They drove around for about an hour and then stopped. McCurtain and Sedillo began a conversation. Santillanes and Bernally became involved in a slight altercation and Bernally ran from the scene. Bernally ran to the nearest house and called the police. Upon arrival, the police could not find any of the other three men. However, on December 30, 1984, the body of McCurtain was found. He had a dollar bill in his hand and his wallet was still in his pant's pocket.

On December 31, 1984, Detective Pacheco (Pacheco) was contacted by the Crimestoppers program and was told that they had received a call from someone concerning the McCurtain case. Pacheco met the informants at a city park. At that time he was given only their first names. They told Pacheco that they had attended a party on Christmas day and that someone at the party had received a

phone call.  The person who received the phone call told everyone attending the party, including the informants, that Sedillo had committed the murder of McCurtain.  The informants did not say where the party was held or give the caller's name or tell Pacheco if they knew who the caller was.

The following day Pacheco again met with the same informants.  They told him that someone had helped Sedillo commit the murder but that his name was unknown.  They told Pacheco that they would phone him with the name later that day.  Pacheco received a phone call later that day informing him that Santillanes had been involved with Sedillo.  Pacheco testified that the person calling in this information was different from the informants he had talked to earlier.  On January 2, 1985, Pacheco received information that three people had been involved in the killing of McCurtain.  The next day, on January 3, 1985, Pacheco received information that Santillanes was the man who actually committed the murder.  On that same day, Pacheco arrested Sedillo.  At the time of his arrest, Sedillo gave formal statements that Santillanes had committed the murder.

Defense counsel made a pretrial motion for discovery.  That motion included a specific request for the statements of all persons interviewed by state agents, even if the state did not intend to call those witnesses at trial, and the names and addresses of all persons who may have some knowledge of the facts of the case.  This motion was granted.  Defense counsel later filed a motion to identify and produce the informants who had earlier implicated Sedillo in the killing of McCurtain.  On the basis of an affidavit signed by Pacheco, swearing that he had forgotten the names of those informants, the motion for disclosure of the informants' names was denied.  However, Pacheco's affidavit stated that if it were necessary, a slight possibility existed that he could establish the informants' identities.  Basing its ruling on Pacheco's representations that he did not remember the names and addresses of the informants, the court denied

-2-

defense counsel's motion for disclosure of their identities.

However, at trial the question of whether the state actually knew the identity of the informants again became an issue. Counsel approached the bench. Defense counsel asked permission to question Pacheco on the possibility that Sedillo's family members were the informants. The prosecutor said, "Well, what we're going to do is singlehandedly destroy the whole program. He is essentially going to find out who these people are. The whole thing is confidentiality." This statement by the prosecutor led the trial court to order the state to disclose the names of the informants, if the state knew them. The trial court told defense counsel that he wished to hear his motion again. At this point defense counsel argued that he should be allowed to question Pacheco about the possible relationship between the confidential informants and Sedillo. Defense counsel's theory was that family members would be unlikely to implicate another family member unless that family member had committed the crime or seriously given them that impression. However, nothing more was ever mentioned about an in camera hearing to reveal the identity of the informants.

The only direct evidence against Santillanes was the testimony given by Sedillo. Sedillo testified that it was Santillanes who committed the actual murder.

ISSUES.

I.    Whether the trial court erred by failing to hold an in camera hearing to determine whether disclosure of the confidential informants was relevant and necessary.

II.    Whether the suppression by the prosecution of the identities of the informants violated Santillanes' due process rights.

III.    Whether the prosecutor's comments during closing argument amounted to cumulative error.

## L.    IN CAMERA HEARING

NMSA 1978, Evid. Rule 510(c)(2) (Repl.Pamp.1983) states in pertinent part that:

> If it appears from the evidence in the case or from other showing by a party that an informer will be able to give testimony that is <u>relevant</u> and helpful to the defense of an accused, or is <u>necessary</u> to a fair determination of the issue of guilt or innocence in a criminal case . . . and the state or  subdivision thereof invokes the privilege, the judge shall give the state or subdivision thereof an opportunity to show in camera facts relevant to determine whether the informer can, in fact, supply that testimony. (Emphasis added.)

As stated in <u>State v. Beck</u>, 97 N.M. 312, 639 P.2d 599 (Ct.App.1982), this rule requires a showing of relevancy and a showing that the informer can give testimony helpful to the defense or necessary to a fair determination of guilt or innocence before an in camera hearing becomes necessary.  Under the facts as they exist in this case, the testimony that might have been given by the informants would have been neither relevant nor helpful or necessary to a fair determination of guilt or innocence. The informants could only testify as to what some other person had told them regarding the McCurtain murder.  Their information was hearsay which is inadmissible under NMSA 1978, Evid.Rule 802 (Repl.Pamp.1983).  Under NMSA 1978, Evid.Rule 401 (Repl.Pamp.1983) relevant evidence is "evidence having any tendency to make the existence of any fact that is of any consequence to the determination of the action more probable or less probable than it would be without the evidence."  Thus, the truth of the information given by the informants, namely that Sedillo was the one who committed the actual murder, could not be adequately tested because the statement by the informants was hearsay testimony and  inadmissible.  Thus, we determine that the trial court did not err when it failed to order an in camera hearing.

## II.    DUE PROCESS CLAIM.

Santiallanes alternatively argues that, even if it was not error for the trial court to fail to hold an in camera hearing, he was denied due process and a fair trial by the prosecution's failure to disclose the names of the informants.

Under Brady v. Maryland, 373 U.S. 83 (1963), it is a violation of a defendant's due process rights for the prosecution to suppress "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." U.S. v. Bagley, ____ U.S. _____, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481, 494 (1985). We determine that, under the facts of the instant case, the informants' identities were not material because there is no showing that their disclosure to the defense would have changed the results of either the guilt/innocence phase or the sentencing phase of the trial.

Santillanes was convicted of felony murder. Under the theory of felony murder, it is immaterial which of the perpetrators of the underlying felony commits the actual murder. It is enough that the perpetrators commit an inherently dangerous felony or the felony is committed under circumstances that are inherently dangerous. State v. Harrison, 90 N.M. 439, 564 P.2d 1321 (1977). In the instant case the underlying felony was attempted armed robbery.

Santillanes does not contend that he was not present and/or involved in the attempted armed robbery. Under the felony murder theory, it is immaterial whether he or Sedillo was the actual killer. Santillanes could still be convicted of first degree felony murder. Thus, any information the informants might have revealed to defense counsel would have been immaterial to Santiallanes' culpability for felony murder. The results of the guilt/innocence phase of his trial

would not have been different. As to the materiality of the informants' identities to Santilanes' punishment, this too, would have been immaterial because felony murder is a capital felony and under NMSA 1978, Section 31-18-14(A) (Repl.Pamp.1981), "[w]hen a defendant has been convicted of a capital felony, he shall be punished by life imprisonment or death . . . ." (Emphasis added). Even if Santillanes were able to bring forth the informants to testify that Sedillo committed the actual murder, the punishment for the crime of felony murder would have remained life imprisonment. Therefore, we determine that the identity of the informants was immaterial to Santillanes' case and no denial of due process occurred.

## III.    IMPROPER CLOSING ARGUMENT.

As his last point on appeal Santillanes argues that various statements made by the prosecutor during closing arguments were improper and thereby deprived him of a fair trial. We disagree.

The comments, taken in context, did not deprive Santillanes of a fair trial. Similar comments were found not to be prejudicial in this Court's recent decision of State v. Compton, 25 SBB 273 (1986). However, counsel is encouraged to avoid comments that come close to being prejudicial.

Finding no error in Santillanes' trial, we therefore affirm his conviction.

This case is not to be published nor cited as precedent.

IT IS SO ORDERED.

William Riordan, Chief Justice

WE CONCUR:

Harry E. Stowers, Jr., Justice

Mary C. Walters, Justice



FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 4 1987

*Signature*, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW MICHAEL SANTILLANES,

    Petitioner,

  vs.                CIVIL NO. 87-1178 M

GEORGE E. SULLIVAN,

    Respondent.

## MAGISTRATE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### PROPOSED FINDINGS

1.  Petitioner, currently confined in the New Mexico State Penitentiary at Santa Fe, New Mexico, brings this action pursuant to 28 U.S.C. § 2254. Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the Bernalillo County, New Mexico District Court. Robert J. Tansy, current Warden of the New Mexico State Penitentiary, is Petitioner's custodian.

2.  Petitioner presents the following four grounds for relief:

#### One

Suppression of exculpatory evidence by the prosecution.

#### Two

Failure of the trial to hold an evidentiary hearing to determine whether disclosure of confidential informants was relevant and necessary.

### Three

Prosecutorial misconduct during closing argument.

### Four

Ineffective assistance of trial counsel arising from counsel's failure to object to prosecutorial misconduct.

Petition at 5-6.

3.   As a preliminary matter, the Court must determine whether Petitioner has met the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  **See generally, Rose v. Lundy,** 455 U.S. 509 (1982).  Exhaustion of a federal claim may be accomplished "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court."  **Wallace v. Duckworth,** 778 F.2d 1215, 1219 (7th Cir. 1985); **Davis v. Wyrick,** 766 F.2d 1197, 1204 (8th Cir. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1209 (1986).  "The question with respect to exhaustion is not merely whether [Petitioner] has in the past presented his federal claim to the state courts, but also whether there is, under the law of the [State], any presently available state procedure for the determination of the merits of that claim."  **Thomas v. Wyrick,** 622 F.2d 411, 413 (8th Cir. 1980).

4.   Under New Mexico law, constitutional claims that could have been litigated on direct appeal, but were not, may

2

not be litigated in a state habeas proceeding.  State v.
Gillihan, 86 N.M. 439, 524 P.2d 1335 (1974).  In addition,
claims that were litigated on direct appeal cannot be
re-litigated in a subsequent state habeas proceeding.  In short,
under New Mexico law routine claims of error, including
constitutional claims, will be exhausted once the time for
prosecuting a direct appeal has expired.  See United States **ex
rel.** Williams v. Brantley, 502 F.2d 1383, 1385 (7th Cir. 1974)
(applying exhaustion requirement of § 2254 to analogous
provisions of Illinois law).

    5.  Grounds One, Two and Three present routine claims of
error ideally suited for resolution on direct appeal.  As a
consequence, further state court review of each of these claims
is barred under either Clark or Gillihan.  Grounds One, Two and
Three are exhausted since this Court cannot point to a state
procedure currently available to Petitioner for obtaining a
decision on the merits of the federal claims presented by these
Grounds.  **Thomas.**

    6.  Ground Four requires a more extended discussion.
Petitioner appears never to have presented his ineffective
assistance of counsel claim to any state court.  However, unlike
routine claims of error, which are waived if not presented in a
procedurally proper manner, Gillihan, **supra** ¶ 4, ineffective
assistance of counsel claims are tantamount to fundamental
error, and are reviewable "regardless of adherence to procedural

rules." State v. Luna, 92 N.M. 680, 685, 594 P.2d 340, 345 (Ct. App. 1979). Thus, in view of Luna, Petitioner's ineffective assistance of counsel claim has not been waived by Petitioner's failure to raise the issue on direct appeal and is currently reviewable in a state habeas proceeding. Therefore, Petitioner presents a partially exhausted Petition subject to dismissal under Rose v. Lundy, 455 U.S. 509 (1982). The Court notes that Petitioner appears to have included this claim in an attempt to forestall any argument by Respondent that ground Three is barred by the "cause and prejudice" test of Wainwright v. Sykes, 433 U.S. 72 (1977). Under Murray v. Carrier, ___ U.S. ___, 106 S.Ct. 2639 (1986), ineffective assistance of counsel can satisfy the "cause" prong of Wainwright's cause and prejudice test. However, Petitioner need not have raised the issue of ineffective assistance of counsel in order to obtain review of ground Three: because the New Mexico Supreme Court chose to address the merits of Petitioner's claim of prosecutorial misconduct, notwithstanding trial counsel's failure to preserve the issue, Respondent's Exhibit F at 6, that issue is not subject to Wainwright's cause and prejudice test. Morishita v. Morris, 702 F.2d 207 (10th Cir. 1983).

## RECOMMENDED DISPOSITION

That Robert J. Tansy replace George Sullivan as Respondent.

That the Petition be dismissed without prejudice as a mixed Petition under **Rose v. Lundy,** 455 U.S. 509 (1982), unless Petitioner moves to dismiss ground Four.

_(signature)_

UNITED STATES MAGISTRATE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ANDREW MICHAEL SANTILLANES

        Petitioner,

    vs.                  CIV No. 87-1178 M

GEORGE E. SULLIVAN

        Respondent.


## MEMORANDUM ON EXHAUSTION

COMES NOW Respondent, by and through counsel, Patricia A. Gandert, Assistant Attorney General, and submits his Memorandum on Exhaustion as follows.

In the Petition for Writ of Habeas Corpus before this court, Petitioner raises four issues:

A.    suppression by the prosecution of evidence favorable to the accused violated Petitioner's due process rights;

B.    the trial court erred in failing to hold an in camera hearing to decide if disclosure of the confidential informants was relevant and necessary;

C.    the prosecutor's unethical and improper comments in his closing argument deprived Petitioner of a fair trial;

D.    Petitioner was denied an effective assistance of counsel.

I.    <u>Procedural History</u>

1.    On July 11, 1985 Petitioner was convicted by a jury of first degree murder (felony-murder), and two counts of attempted armed robbery.  He was sentenced to life imprisonment on the felony murder count and three years each on the attempted armed robbery counts.  All counts were to run consecutive to one another and to run consecutive to any other time being served by Petitioner.  (Exhibit A)

2.    On August 14, 1985 the trial counsel, Joseph N. Riggs, III filed a docketing statement with the Supreme Court of the State of New Mexico.  (Exhibit B).  Petitioner raised the following issues in his docketing statement:

i.    whether there was a duty or does Rule 510 of the New Mexico Rules of Evidence establish a duty to gather and preserve the identity of an informant where the evidence given by the informant is used as critically and extensively as it is in the present case.

ii.  did the trial court err in denying Petitioner's Motion to Identify and Produce the Informant, or, in the alternative, hold an <u>in</u> <u>camera</u> hearing to determine whether or not the detective would be able to find the identity of the informant, and his efforts, if any, to do so.

iii. did the negligent failure by the detective to preserve the identities of the witnesses, or their deliberate

-2-

failure to preserve the identities constitute a denial of due process under the New Mexico and United States Constitutions such that the trial court erred in denying Petitioner's Motion to Dismiss. Under the facts of the present case, was there a duty to find out the identities of the informants, and preserve exculpatory evidence.

3. On November 27, 1985, Petitioner filed his Brief in Chief and combined two of the issues raised in the docketing statement and raised a third issue alleging that the effect of the prosecutor's improper and prejudicial closing argument was cumulative error. (Exhibit C). The State filed a response to Petitioner's Brief in Chief. (Exhibit D) Subsequently Petitioner filed a Reply Brief. (Exhibit E).

4. On September 3, 1986 the New Mexico Supreme Court issued a decision (Exhibit F). In that decision the court found no error in Petitioner's trial and affirmed his conviction.

5. The Supreme Court of the State of New Mexico issued its mandate to the District Court on September 18, 1986. (Exhibit G).

6. To the best of Respondent's knowledge and belief Petitioner has not filed any post-conviction proceedings such as a Petition for Writ of Habeas Corpus with the state courts.

## II.  Issues

1.    Respondent concedes that some issues may have been exhausted.  These issues were decided on the merits by the New Mexico Supreme Court in its decision.  Adopting the lettering system used by Petitioner these exhausted issues may be A, and C.

2.    Issue B which relates to an in camera hearing was challenged on direct appeal.  However, it was raised in a state law rather than constitutional context.  It appears from the record that the Supreme Court of New Mexico decided the issue on state law grounds.  Under these circumstances, there has been no exhaustion of this issue because it has not been presented to the state's highest court in federal constitutional terms.

3.    Issue D was not presented as a separate issue to the New Mexico Supreme Court.  However, it was raised in Petitioner's Brief in Chief.  (Exhibit C, page 23).  The New Mexico Supreme Court did not specifically address this issue in its decision.

WHEREFORE Respondent requests that this court dismiss the Petition for Writ of Habeas Corpus and direct Petitioner to present his constitutional claims in state courts.

Respectfully submitted,

HAL STRATTON
Attorney General


PATRICIA A. GANDERT
Assistant Attorney General
-4-

Attorney for Respondent
Post Office Drawer 1508
Santa Fe, New Mexico 87504-1508
(505) 827-6930

## CERTIFICATE OF SERVICE

I hereby certify that a true
copy of the foregoing was
mailed to Petitioner this
2nd day of November, 1987.


_Patricia A. Gardent_
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW MICHAEL SANTILLANES,

      Petitioner

    vs.                       CIV 87-1178M

GEORGE E. SULLIVAN,

      Respondent.

## MOTION TO DISMISS
## AND MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW the Respondent, by and through his attorney, Patricia A. Gandert, Assistant Attorney General, and hereby moves this court to dismiss this petition. As grounds for dismissal Respondent would state that this is a "mixed petition" containing both exhausted and unexhausted claims. As such, it should be dismissed under Rose v. Lundy, 455 U.S. 509 (1982).

Petitioner asserts as the basis of this habeas corpus petition:

A. that the suppression by the prosecution of evidence favorable to the accused, violated defendants due process rights;

B. that the court should have held an in camera hearing to decide if disclosure of a confidential informant was relevant and necessary;

C.  that the prosecutors unethical and improper comments in his closing argument deprived petitioner of a fair trial; and

D.  ineffective assistance of counsel.

The same errors were challenged on direct appeal. However, issue B was raised in a state law rather than constitutional context. It appears that the Supreme Court of New Mexico decided issue B based solely on state law grounds. Petitioner has not challenged this issue in any state post-conviction proceeding. Under these circumstances, there has been no exhaustion of state remedies as to Petitioner's claim that his constitutional rights have been violated because of the failure to hold an in camera hearing.

Exhaustion of available state remedies is mandated by Statute, 28 U.S.C. §2254. The exhaustion requirement evolved primarily from considerations of comity. The writ of habeas corpus is designed to provide an effective remedy for imprison-ment in violation of federal law. The exhaustion doctrine recognizes that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defen-dants. Ex Parte Royall, 117 U.S. 241, 251 (1886). The exhaustion-of-state-remedies doctrine is now codified in the federal habeas statute, 28 U.S.C. §§2254(b) and (c).

The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and

prevent   disruption   of   state   judicial   proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The requirement that federal courts not exercise habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law expresses respect for our dual   judicial   system   and   concern   for   harmonious   relations between the two adjudicatory institutions. Rose v. Lundy, 455 U.S. at 518. In addition to "minimiz[ing] friction between our federal and state systems of justice," Duckworth v. Serrano, 454 U.S. 1, 2 (1981), adherence to the exhaustion requirement has the practical effects of enhancing the familiarity of state courts with federal doctrines. Rose v. Lundy, 455 U.S. at 519.

The United States Supreme Court has recognized that adherence to the exhaustion requirement will increase the likelihood that the factual allegations necessary to a resolution of the claim presented by petitioner will have been fully developed in state court, making federal habeas review more expeditious. Rose v. Lundy, 455 U.S. at 519. Cf. 28 U.S.C. §2254(d) (requiring a federal court reviewing a habeas petition to presume as correct factual findings made by a state court).

The Supreme Court has stated its position requiring exhaustion of available state remedies as a prerequisite to consideration of the merits of the habeas corpus petition. Where a constitutional challenge to a state conviction is raised for the

first time in a federal habeas corpus proceeding, it is improper for a federal court to consider the merits of the claim prior to its assertion in state court. Anderson v. Harless, 103 S.Ct. 276 (1982). It would be error for this court to consider the merits of the habeas corpus petition in the absence of exhaustion.

This is a "mixed petition" containing both exhausted and unexhausted claims. Under Rose v. Lundy, supra, this petition should be dismissed and the petitioner directed to present his constitutional claim in the state court.

Respectfully submitted,

HAL STRATTON
Attorney General


PATRICIA A. GANDERT
Assistant Attorney General

Attorney for Respondent
Post Office Drawer 1508
Santa Fe, New Mexico 87504-1508
(505) 827-6000


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed to Petitioner this 2nd day of November, 1987.


Assistant Attorney General

-4-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW MICHAEL SANTILLANES,

       Petitioner,

   vs.                           Civ. No. 87-1178 M

GEORGE E. SULLIVAN,

       Respondent.

## ANSWER

COMES NOW Respondent, by and through his counsel, Patricia A. Gandert, Assistant Attorney General, and as his answer to the Petition for Writ of Habeas Corpus states and alleges the following:

1.  Petitioner is in the lawful custody of Respondent pursuant to a valid Judgment and Sentence. A copy of the Judgment and Sentence is attached as Exhibit "A."

2.  Respondent denies all other allegations contained in the petition.

3.  Regarding exhaustion, Petitioner has failed to exhaust his available state remedies as to all issues raised since all the issues have not been presented to the State's highest court in federal constitutional terms. Exhaustion is therefore denied.

4.  Petitioner fails to state a constitutional claim cognizable under 28 U.S.C. §2254.

WHEREFORE, Respondent prays that the petition be denied.

Respectfully submitted,

HAL STRATTON
Attorney General

PATRICIA A. GANDERT
Assistant Attorney General

Attorney for Respondent
Post Office Drawer 1508
Santa Fe, New Mexico 87504-1508
(505) 827-6230

I hereby certify that a
true copy of the foregoing
was mailed to Petitioner this 2nd
day of November, 1987.

Assistant Attorney General

-2-

W. C. WOODY SMITH

SECOND JUDICIAL DISTRICT COURT

COUNTY OF BERNALILLO

STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

JUL 25   2 57 PM '85

Elwin

JUL 25 1985

                    No. CR 39227
                    DA#: 85-0012-01

STATE OF NEW MEXICO,

            Plaintiff,

      vs.

ANDREW MICHAEL SANTILLANES,
DOB: 12-19-57
SSN: 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
ADD: Unknown

            Defendant.

## JUDGMENT, SENTENCE AND COMMITMENT

On July 11, 1985 this case came before the Honorable W. C.
WOODY SMITH, District Judge, for sentencing, the State appearing by
FRANK WILLIAM GENTRY and MICHAEL D. COX, Assistant District
Attorneys, the Defendant appearing personally and by his attorney
Joseph Riggs, and the Defendant having been convicted on July 11,
1985, pursuant to guilty verdicts, accepted and recorded by the
Court, of the offenses of:  Count I:  First Degree Murder, Count II:
Attempted Armed Robbery, Count III:  Attempted Armed Robbery - all
felony offenses occurring on December 25, 1984.

The Defendant is hereby found and adjudged guilty and
convicted of said crimes, and is sentenced to the custody of the
Corrections Department to be imprisoned for the term of Life



**EXHIBIT**
**A**

ENTERED

RP 136

State vs. ANDREW MICHAEL SANTILLANES
JUDGMENT, SENTENCE AND COMMITMENT

No. CR 39227
Page No. 2

Imprisonment on Count I; 3 Years on Count II and 3 Years on Count III
all to run consecutive to one another and to run consecutive to any
other time being served by the defendant.

THEREFORE, You, the Corrections Department of the State of New
Mexico are hereby commanded to take the above-named Defendant in
custody and confine him for the above term.

Defendant is to receive credit for 188 days pre-sentence
confinement and for post-sentence confinement until delivery to the
place of incarceration.

IT IS FURTHER ORDERED that the Defendant be placed on parole
for 5 years after release and be required to pay parole costs.

_W Smith_
DISTRICT JUDGE

Reporter:  Jan L. Gallegos

APPROVED:

_Frank William Gentry_
Assistant District Attorney

Attorney for Defendant

1165c vm

RP 137

SECOND JUDICIAL DISTRICT COURT

COUNTY OF BERNALILLO

STATE OF NEW MEXICO

No. CRCR 85-39227
DA # 85-0012-02



ENDORSED
FILED IN MY OFFICE THIS

MAR 01 1996

CLERK DISTRICT COURT

MAR 0 8 1996

STATE OF NEW MEXICO,

Plaintiff-Respondent,

vs.

ANDREW MICHAEL SANTILLANES, aka JOSEPH SANTILLANES,
DOB: 12-19-57
SSN: 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

Defendant-Petitioner.

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

The State of New Mexico, Respondent, through Phillip W. Cheves, Deputy District Attorney, files this response opposing the petition for writ of habeas corpus.

## I.    PRELIMINARY STATEMENT

Petitioner was convicted in the Second Judicial District Court on or about July 11, 1985 of First Degree Murder (Felony Murder) and two counts of Attempted Robbery. Petitioner filed a Direct Appeal from this conviction on August 5, 1985. The New Mexico Supreme Court subsequently affirmed the convictions on September 19, 1986.

Petitioner filed a Petition for Writ of Habeas Corpus on August 15, 1994 which was denied by the District Court on August 16, 1994.

In Petitioner's present Writ of Habeas Corpus he sets forth two requests:  1) that the defendant be granted a new trial based

RESPONSE TO WRIT OF HABEAS CORPUS; STATE V. ANDREW SANTILLANES aka
JOSEPH SANTILLANES; PAGE 2

on newly discovered evidence  and, in the alternative, 2) that

the defendant's sentence be corrected based on State v.

Contreras, 34 S.B.B. Vol. 40 (S.Ct. 1995).


II.  ARGUMENT


A.  A NEW TRIAL SHOULD NOT BE GRANTED BASED ON THE FACT THAT THE
EVIDENCE FALLS OUTSIDE THE PERMISSIBLE LEGAL TIME FRAME AND IS
NOT PROPERLY ADMISSIBLE.


According to State v. Stephens, 99 N.M. 32, 653 P.2d 863

(1982), "the general rule is that motions for a new trial are not

favored and will only be granted upon a showing of a clear abuse

by the trial court."  Furthermore, in viewing Rules of District

Court Criminal Procedure 5-614 (1992 Repl.) it unequivocally

states that "a motion for new trial based on the ground of newly

discovered evidence may be made only before final judgment, or

within two (2) years thereafter. . ."  It appears that the cases

Petitioner cites to support the Court granting a new trial based

on newly discovered evidence are distinguishable from the case at

bar.  In those cases, the evidence was brought to the Court's

attention in the prescibed manner and time frame.  In the present

case, the Petitioner falls substantially outside the time limit

granted and therefore is not entitled to a new trial regardless

of the evidence to be proffered.

RESPONSE TO WRIT OF HABEAS CORPUS; STATE V. ANDREW SANTILLANES aka
JOSEPH SANTILLANES; PAGE 3

Additionally, the statement allegedly made by Defendant
Sedillo would not be admitted even if a new trial were to be
granted based on two grounds.  First, in referring to the Rules
of Evidence 11-804 (B)(4) it states that "a statement tending to
expose the declarant to criminal liability and offered to
exculpate the accused is not admissible unless corroborating
circumstances clearly indicate the trustworthiness of the
statement."  In the present case, it should be noted that
Defendant Sedillo has NOT come forward to make any such
statement, however, if the statement allegedly made to Debra
Santillanes were to be submitted it would not be admissible based
on the fact that there are "no corroborating circumstances that
clearly indicate the trustworthiness of the statement."
Moreover, all evidence points to the fact that the statement IS
NOT trustworthy.

In analyzing the statement made by Debra Santillanes it
becomes clear that it is neither reliable nor accurate.  The
statement was supposedly made in the winter of 1987 or 1988 at
the Ami Gusto Lounge.  According to the Criminal Docket
transcripts that were provided to the State, Defendant Sedillo
was in custody until November 28, 1989.  Therefore, Debra
Santillanes could not have had the discussion with the defendant
as set forth in her statement on July 24, 1995.  Moreover, the
fact that the statement was not reported for eight (8) to seven
(7) years tends to negate reliability of such a statement.  It
also must be considered where the statement was given.  The

RESPONSE TO WRIT OF HABEAS CORPUS; STATE V. ANDREW SANTILLANES aka
JOSEPH SANTILLANES; PAGE 4

setting for the alleged confrontation was at the Ami Gusto
Lounge.  Although Petitioner asserts that Ms. Santillanes was not
inbibing alcohol, there is no reference to what Defendant
Sedillo's alcohol level might have been at the time the statement
was given further diminishing any reliability that it might
possess.

Secondly, the statement does not provide any additional
evidence that could exculpate the Petitioner.  The Court in State
v. Stephens, Id. addressed a similar issue.  In Stephens, another
individual had come forward and was prepared to testify that he,
and not the defendant, had in fact killed the victim.  (In the
present case Defendant Sedillo has made no such ovatures).  The
court in Stephens stated that "even if another person was
prepared to testify, or had confessed that he, and not another,
had committed a crime for which another was convicted, that would
not be newly discovered evidence since such person could add
nothing to testimony defendant could have given at trial." Id. at
37  Although the Petitioner argues that this case is
distinguishable because the Petitioner did not offer a alibi
defense as the defendant did in Stephens the State would assert
that the ruling of the Court is applicable.  Indeed, in the
present case, Defendant Sedillo's admission does not shed any
light onto the evidence and testimony that was previously
presented at trial.  Although the State does not have a
transcript of the proceedings in the present case, it is asserted
that Petitioner argued that Defendant Sedillo or another, and not
the Petitioner, killed the victim.  The statement by Defendant

RESPONSE TO WRIT OF HABEAS CORPUS; STATE V. ANDREW SANTILLANES aka
JOSEPH SANTILLANES; PAGE 5

Sedillo would be cumulative and does not add anything
constructively to what was offered at trial.  There is no
evidence which corroborates Defendant Sedillo's statement and
therefore "adds nothing to testimony defendant (Petitioner) could
have given at trial." Id.

The Petitioner references a six prong test set forth in State
v. Volpato, 102 N.M. 383, 696 P.2d 471 (1985).  The State argues
that the test is moot because the alleged new evidence should not
be considered based on the above arguments.  However, the alleged
new evidence would still not meet all the prongs of the Volpato
test.  As mentioned above Defendant Sedillo's statement would not
probably change the result if a new trial were granted because
the statement would not be admissible and furthermore, it is not
corroborated in any fashion.  Moreover, the statement is
cumulative as argued above and is merely impeaching or
contradictory because it does not add anything substantive to
what has already been presented.

Therefore, based on the arguments above, the new evidence
should not be considered both because it falls outside the
required time frame to bring up such evidence and the statement
is not admissible and thus should not be the foundation for
considering a request for a new trial.  Indeed, the statement
given be Defendant Sedillo does not meet the threshold for
granting the Petitioner a new trial.

RESPONSE TO WRIT OF HABEAS CORPUS; STATE V. ANDREW SANTILLANES aka
JOSEPH SANTILLANES; PAGE 6

## B.  THERE SHOULD NOT BE RETROACTIVE APPLICATION OF STATE V. CONTRERAS

Petitioner implies that, under State v. Contreras, 34 S.B.B.
Vol 40, (S.Ct. 1995), the sentence he is currently serving is
illegal.  However, the New Mexico Supreme Court has not intimated
in any fashion whatsoever the Contreras holding is retroactive.

The New Mexico Supreme Court revisited the issue of
retroactivity in another context, and followed the traditional
rule of non-retroactivity.  See Santillanes v. State, 115 N.M.
215, 221-2, 849 P.2d 358, 366-7 (1993).  There, the Court limited
its new interpretation on the degree of negligence applicable to
child abuse charges to prospective application only.  The court
relied on the traditional three-part test to hold that
prospective application was mandated by the inequities inherent
in retroactive application.

For the same reasons discussed in Santillanes, this Court
should not apply Contreras retroactively.  State v. Stephens, 93
N.M. 458, 601 P.2d 428 (1979), permitted separate punishments for
felony murder and the underlying felony (armed robbery) and has
been the law in New Mexico for sixteen years.  The New Mexico
statutes contain no provision passed during the last sixteen
years to suggest State v. Stephens incorrectly reflected the
legislature's intent.  There has been legitimate reliance on this
Court's past declarations of the law pertaining to separate
punishment for felony murder and the underlying felony.  The

administration of justice would be unduly burdened if the
Contreras decision were to be applied retroactively.  See
Halliday v. United States, 394, U.S. 831, 833, 89 S.Ct. 1498 23
L.Ed.2d 16 (1969).

The New Mexico Supreme Court has historically exercised its
power to apply its decisions prospectively.  See e.g., Baca v.
State, 106 N.M. 338, 341, 742 P.2d 1043, 1046 (1987); Boudar v.
E.G.&G.. Inc., 106 N.M. 279, 280-281, 742 P.2d 491, 492-493
(1987).  Additionally, federal constitutional law does not
prohibit the prospective application of a new rule of law.  See
e.g., Teaque v. Lane, 489 U.S. 288 (1989); Andrews v. Shulsen,
802 F.2d 1256, 1270 (10th Cir.) cert. denied, 485 U.S. 919 (1987).

It is improper to argue that the New Mexico Supreme Court
intended to apply Contreras retroactively without expressly
stating so.  The decisional language imparts nothing to suggest
retroactive application of the holding in Contreras.  Retroactive
application would, moreover, render constitutionally invalid
every felony murder conviction since the statute was enacted.
Absent clear and express language indicating that Contreras has
retroactive effect, it cannot be reasonably concluded that the
New Mexico Supreme Court intended such a result.  For these
reasons, the State respectfully requests that this Court deny
Petitioner's claim that Contreras should be applied retroactively.

RESPONSE TO WRIT OF HABEAS CORPUS; STATE V. ANDREW SANTILLANES aka
JOSEPH SANTILLANES; PAGE 8


III. CONCLUSION

The State requests that the Petition for Writ of Habeas

Corpus be denied forthwith.




Respectfully Submitted,

_____
PHILLIP W. CHEVES
Deputy District Attorney



I hereby certify that a copy of the
foregoing was sent to Sandra J.
Clinton, Attorney for
Defendant-Petitioner, 817 Gold SW,
Albuquerque, New Mexico on
the _____ day of _____,
1996.

_____

pwc/320

STATE OF NEW MEXICO                                          COUNTY OF __Bernalillo__

IN THE __2nd District__ COURT

STATE OF NEW MEXICO,

v.                                                          NO. __CR-39227__

__Andrew m. Santillanes__,
Defendant

## ELIGIBILITY DETERMINATION FOR INDIGENT DEFENSE SERVICES

Name: __ANDREW M. SANTILLANES__                    DOB: __12-19-57__ AGE: __39__

AKA: __N/a__                                         SEX X Male   Female   SSN: __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__

Address: __PO 1059  Santa Fe,NM 87504__                              Phone: __n/a__

Charges: __1st degree murder and 2 arm. rob.s__

DC#: __33948__                                      MC#

Lives Alone: __X__   Lives With: Spouse_____   Children_____   Parent_____   Friend_____   Other_____

Martial Status: Single_____   Married __X__   Divorced_____   Separated_____   Widowed_____

Number of Dependents In Household: __0__

[ X ] Defendant is in jail                                [ ] Defendant is not in jail

### PRESUMPTIVE ELIGIBILITY:

__X__ I currently DO NOT receive public assistance.

__n/a__ I currently receive the following type of public assistance in _____ County:
DEPARTMENT OF HEALTH CASE MANAGEMENT SERVICES(DHMS)_____
AFDC $_____   Food Stamps $_____   Medicaid $_____   DSI $_____   Public Housing $_____

| NET INCOME | SELF | SPOUSE | |
|---|---|---|---|
| Employer's Name | 0 | | |
| Employer's Phone | 0 | | |
| Pay Period (weekly, every 2nd week,twice monthly, monthly) | 0 | | |
| Net Take-Home Pay(salary or wages minus deductions as required by law): | $ 0000 | $ | |
| Other Income Sources (please specify): | $ 0 | $ | (Screening Use Only) |
| **TOTAL ANNUAL INCOME:** | $ 0 + | $ | =$ 0 A |

| ASSETS: | | | |
|---|---|---|---|
| CASH ON HAND | $ 0 | $ | |
| BANK ACCOUNTS | $ 0 | $ | |
| REAL ESTATE | Equity $ 0 | $ | |
| MOTOR VEHICLES | Equity $ 0 | $ | |
| OTHER PERSONAL PROPERTY (describe): | | | |
| _____ | Equity $ 0 | $ | |
| _____ | Equity $ 0 | $ | (Screening Use Only) |
| **TOTAL ASSETS:** | $ 0 + | $ | =$ 0 B |

| EXCEPTIONAL EXPENSES (total exceptional expenses of dependents): | | |
|---|---|---|
| MEDICAL EXPENSES (not covered by insurance) | $ 0 | |
| COURT-ORDER SUPPORT PAYMENTS/ALIMONY | $ 0 | |
| CHILD-CARE PAYMENTS (e.g., day care) | $ 0 | |
| OTHER (describe): _____ | $ 0 | (Screening Use Only) |
| **TOTAL EXCEPTIONAL EXPENSES:** | $ 0 | =$ 0 C |

STATE OF NEW MEXICO                                          COUNTY OF Bernalillo

This statement is made under oath. I hereby state that the above information regarding my financial condition is correct to the best of my knowledge. I hereby authorize ⬤ screening agent, District Defender and ⬤ Court to obtain information from financial institutions, employers, relatives, the federal internal revenue service and other state agencies.

I UNDERSTAND THAT IF IT IS DETERMINED THAT I AM NOT INDIGENT, I MAY APPEAL TO THE COURT WITHIN TEN (10) DAYS AFTER THE DATE I AM ADVISED OF THIS DECISION.

_____ I wish to appeal.                          _____ I do not wish to appeal.

_2/9/97_
Date                                                         _Andrew Santillanes_
                                                             Signature of applicant

STATE OF NEW MEXICO          )
                             ) ss.
COUNTY OF _____     )

Signed and sworn to (or affirmed) before me on _02-0997_ (date) by _Andrew Santillanes_ (named applicant).

_D. A. Jungbeck_

(Seal, if any)

OFFICIAL SEAL
D. A. JUNGBECK NOTARY PUBLIC
Notary Public—State of New Mexico   My Commission Expires: _____
My Comm. Expires SEP 21, 1997

                                                             (Screening Use Only)

COLUMN "A" (net income) + COLUMN "B" (assets) (-) COLUMN "C" (exceptional expenses)
    equals AVAILABLE FUNDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

## INDIGENCY TABLE:

| Household Size (self & dependents) | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Available Funds (monthly) | $8,512 | $11,487 | $14,462 | $17,437 | $20,412 | $23,387 |

Add $2,975 to the total available funds for each additional dependent* member.

_____ The applicant is indigent.

_____ The applicant is not indigent.

_____ The applicant (has) (has not) paid the $10.00 application fee.

Based on the above answers and information, I find that the applicant (is) (is not) indigent.

_____                              _____
Signature of Screening Agent                                                          Title

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Complete the following only if the Court has determined that the applicant is unable to pay the $10.00 application fee).

_____ I find that the applicant is unable to pay the $10.00 indigency application fee, and I therefore waive the payment of the $10.00 application fee.

                                                             _____
                                                             JUDGE or AUTHORIZED DESIGNEE

*(Dependent means any person who qualifies as a dependent of the applicant under Section 152 of the Internal Revenue Code.)

                                                             Revised: Effective 12/01/93

2nd JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO


ANDREW M. SANTILLANES
                    Petitioner,

            vs.                                     No. CR-39227

        , WARDEN,
TIM LeMaster
                        Respondent.

                    MOTION FOR FREE PROCESS

            COMES NOW the Petitioner, and respectfully moves this Court for an

    Order granting free process in this cause such as to allow Petitioner to

    maintain this action to its conclusion without payment of fees or costs.

            This Motion is based on the attached In Forma Pauperis Affidavit.


                                        Respectfully submitted,



                                        _____
                                        Petitioner

                                        2/9/97
                                        _____
                                        Date

2nd JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO


ANDREW  M.  SANTILLANES Petitioner,

              vs.                             No. cr-39227

TIM LeMaster

                Respondent.

## ORDER FOR FREE PROCESS

IT IS HEREBY ORDERED that Petitioner in above cause who has heretofore been found to be indigent is allowed to proceed in Forma Pauperis and is granted free process.


                                                                DISTRICT JUDGE


        Dated: _____

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Andrew Santillanes )
   Defendant-Petitioner, )
                          )    S.Ct. No. _____
-vs- )
                          )    Ct.App. No. _____
STATE OF NEW MEXICO )
                          )    #85-39227
   Plaintiff-Respondent. )

SUPREME COURT OF NEW MEXICO
FILED

APR 1 1997

*Kathleen J Gibson*

PETITION FOR WRIT OF CERTIORARI
TO THE NEW MEXICO COURT OF APPEALS

    NOW COMES the Defendant-Petitioner, Andrew Santillanes ,
and respectfully petitions this Honorable Court to issue its
Writ of Certiorari to the New Mexico Court of Appeals for review
of that court's Opinion in the case of Habeas Corpus/Denied
Ct.App. No.    (Opinion filed Denied    ).  (Exhibit
attached)  This review is sought under the provisions of
Article VI, sec. 3 of the New Mexico Constitution, §34-5-14, NMSA
1978, and Rule of Criminal Appellate Procedure 603, NMSA 1978.


              QUESTION(S) PRESENTED FOR REVIEW

Attached on Supplemental Ground Attachment. And;
Judge W.C. Woody Smith Denied Habeas Corpus, Knowing
Case was not presented properly do to Ineffective
Counsel a Prosecutorial Misconduct. Judge Smith has a
past behavior of sentencing people illegally a unethically.
This case is a Miscarriage of Justice.

1
2
3
4
5
6
7
8
9
10
11
12

<u>MATERIAL FACTS</u>

13
14

Attached on Supplemental Grounds Attachment.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13                    BASIS FOR GRANTING CERTIORARI

14        [  ]   The decision of the Court of Appeals in this case

15   conflicts with the following decisions of the New Mexico Supreme

16   Court: *Attached grounds Supplemental*

17   _____

18   _____

19   _____

20   _____

21        [  ]   The decision of the Court of Appeals in this case

22   conflicts with the following decisions of the New Mexico Court of

23   Appeals: *Attached Grounds Supplemental*

24   _____

25   _____

26   _____

27   _____

28        [  ]   This case involves the following significant question

1. of law under the New Mexico Constitution and/or the United States

2. Constitution: _Attached Grounds Supplement_

3. _____

4. _____

5. _____

6. _____

7.     [  ]  This case involves the following issue of "substantial

8. public interest" that should be determined by this Court:

9. _Judge W.C. Woody Smith believing he's Above binding_

10. _law._

11. _____

12. _____

13. _____

14.

15.                         **ARGUMENT**

16. [Attach additional sheets if necessary.]

17.        Attached Grounds Supplemental

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.

## CONCLUSION

Based on the foregoing reasons, Petitioner respectfully prays this Honorable Court to grant this petition and reverse the Court of Appeals decision, and he prays for such other and further relief as to this Court may seem just and proper.

DATED this *19th* day of *MARCH*, 19 97.

Respectfully submitted,

*Andrew Santillanes*

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

97 FEB 21 AM 11: 46

*Thomas J. Ruiz*

NO. ___85-39227___

ANDREW MICHAEL SANTILLANES_____,
                Petitioner,

VS.

STATE OF NEW MEXICO_____,
                Respondent.

## ORDER

RE: Petition for Writ of Habeas Corpus

THIS MATTER having come before the Court on Petitioner's Petition for Writ of Habeas Corpus and/or other pleading(s) pursuant to Rule 5-802 of the Rules of Criminal Procedure for the District Courts, the Court having reviewed the record and being otherwise fully advised in the premises, FINDS AND ORDERS THAT:

( ) This matter is dismissed because of improper venue.

( ) This matter is summarily dismissed because as a matter of law Petitioner is not entitled to relief.

* * * *

( ) Petitioner is granted permission to proceed **in forma pauperis.**

( ) The Respondent is directed to file a response within ten days / by _____.

( ) An evidentiary hearing will be held at ___ ___ ___ (AM)(PM) on _____, _____, for a period of _____ minutes/hours on the Court's criminal calendar and notice will be sent.

( ) The Public Defender / _____ is appointed to represent the Petitioner.

( )    The parties shall file briefs as follows:

Petitioner shall file his/her brief in chief

by _____,

Respondent shall file his/her answer brief

by _____,

Petitioner shall file his/her reply brief, if

any, by _____.

( )    Oral arguments will be heard at _____ (AM) (PM)

on _____, _____, for a period

of _____ minutes/hours on the Court's criminal

calendar and notice will be sent.

*    *    *    *

( )    The Writ / Motion for _____

is granted.

(✗)    The Writ / Motion for *Habeas Corpus*

is denied.

( )    OTHER

_____

_____

_____

_____

DISTRICT JUDGE, DIVISION ___VI___

cc:    Petitioner
       District Attorney
       Attorney General
       Public Defender

STATE OF NEW MEXICO }  COUNTY OF __Bernalillo__

THE __2nd District__ COUNTY

STATE OF NEW MEXICO,

v.                                    NO. __CR-39227__

__Andrew m.  Santillanes__ ,
Defendant

## ELIGIBILITY DETERMINATION FOR INDIGENT DEFENSE SERVICES

Name: __ANDREW M. SANTILLANES__          DOB: __12-19-57__ AGE: __39__

AKA: __N/a__                              SEX: X Male  Female  SSN: __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__

Address: __PO 1059  Santa Fe,N'1 87504__                    Phone: __n/a__

Charges: __1st degree murder and 2 arm. rob.s__

DC#: __33948__                            MC#: _____

Lives Alone: __X__  Lives With: Spouse_____  Children_____  Parent_____  Friend_____  Other_____

Martial Status: Single_____  Married __X__  Divorced_____  Separated_____  Widowed_____

Number of Dependents In Household: ___0___

[ X ] Defendant is in jail                    [ ] Defendant is not in jail

### PRESUMPTIVE ELIGIBILITY:

__X__ I currently DO NOT receive public assistance.

__n/a__ I currently receive the following type of public assistance in _____ County:
DEPARTMENT OF HEALTH CASE MANAGEMENT SERVICES(DHMS)_____
AFDC $_____  Food Stamps $_____  Medicaid $_____  DSI $_____  Public Housing $_____

| NET INCOME | SELF | SPOUSE | |
|---|---|---|---|
| Employer's Name | 0 | | |
| Employer's Phone | 0 | | |
| Pay Period (weekly, every 2nd week,twice monthly, monthly) | 0 | | |
| Net Take-Home Pay (salary or wages minus deductions as required by law): $ | 0000 | $ | |
| Other Income Sources (please specify): $ | 0 | $ | (Screening Use Only) |
| TOTAL ANNUAL INCOME: $ | 0 + | $ | =$ 0 A |

| ASSETS: | | | |
|---|---|---|---|
| CASH ON HAND | $ 0 | $ | |
| BANK ACCOUNTS | $ 0 | $ | |
| REAL ESTATE  Equity | $ 0 | $ | |
| MOTOR VEHICLES  Equity | $ 0 | $ | |
| OTHER PERSONAL PROPERTY (describe): | | | |
| _____  Equity | $ 0 | $ | |
| _____  Equity | $ 0 | $ | (Screening Use Only) |
| TOTAL ASSETS: | $ 0 + | $ | =$ 0 B |

| EXCEPTIONAL EXPENSES (total exceptional expenses of dependents): | | |
|---|---|---|
| MEDICAL EXPENSES (not covered by insurance) | $ 0 | |
| COURT-ORDER SUPPORT PAYMENTS/ALIMONY | $ 0 | |
| CHILD-CARE PAYMENTS (e.g., day care) | $ 0 | |
| OTHER (describe): _____ | $ 0 | |
| TOTAL EXCEPTIONAL EXPENSES: | $ 0 | =$ 0 C |

STATE OF NEW MEXICO                                         COUNTY OF Bernalillo

This statement is made under oath. I hereby state that the above information regarding my financial condition is correct to the best of my knowledge. I hereby authorize the screening agent, District Defender and the Court to obtain information from financial institutions, employers, relatives, the federal internal revenue service and other state agencies.

I UNDERSTAND THAT IF IT IS DETERMINED THAT I AM NOT INDIGENT, I MAY APPEAL TO THE COURT WITHIN TEN (10) DAYS AFTER THE DATE I AM ADVISED OF THIS DECISION.

_____ I wish to appeal.                    _____ I do not wish to appeal.

2/9/97                                                  Andrew Santillanes
_____                                            _____
Date                                                   Signature of applicant

STATE OF NEW MEXICO          )
                             ) ss.
COUNTY OF _____      )

Signed and sworn to (or affirmed) before me on 02-09-97 (date) by Andrew Santillanes (named applicant).

D. A. Jungbeck

OFFICIAL SEAL
D. A. JUNGBECK   NOTARY PUBLIC
Notary Public—State of New   My Commission Expires: _____
Mexico
My Comm. Expires SEP 21, 1997

(Seal, if any)

(Screening Use Only)

COLUMN "A" (net income) + COLUMN "B" (assets) (-) COLUMN "C" (exceptional expenses)
    equals AVAILABLE FUNDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

### INDIGENCY TABLE:

| Household Size (self & dependents) | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Available Funds (annually) | $8,512 | $11,487 | $14,462 | $17,437 | $20,412 | $23,387 |

Add $2,975 to the total available funds for each additional dependent* member.

_____ The applicant is indigent.

_____ The applicant is *not* indigent.

_____ The applicant (has) (has not) paid the $10.00 application fee.

Based on the above answers and information, I find that the applicant (is) (is not) indigent.

_____                          _____
Signature of Screening Agent                                               Title

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
*(Complete the following only if the Court has determined that the applicant is unable to pay the $10.00 application fee).*

_____ I find that the applicant is unable to pay the $10.00 indigency application fee, and I therefore waive the payment of the $10.00 application fee.

                                                     _____
                                                     JUDGE or AUTHORIZED DESIGNEE

*(Dependent means any person who qualifies as a dependent of the applicant under Section 152 of the Internal Revenue Code.)

Revised: Effective 12/01/93

2nd JUDICIAL DISTRICT COURT
   COUNTY OF BERNALILLO
   STATE OF NEW MEXICO

ANDREW M. SANTILLANES
                    Petitioner,

        vs.                                        No. Cr-39227

   , WARDEN,
TIM LeMaster
                    Respondent.

## MOTION FOR FREE PROCESS

COMES NOW the Petitioner, and respectfully moves this Court for an Order granting free process in this cause such as to allow Petitioner to maintain this action to its conclusion without payment of fees or costs.

This Motion is based on the attached In Forma Pauperis Affidavit.

                              Respectfully submitted,

                              _Andrew Sant Illanes_
                              Petitioner

                              _2/9/97_
                              Date

2nd   JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO


ANDREW  M.  SANTILLANES Petitioner,

      vs.                                                                No. cr-39227

TIM LeMaster

             Respondent.

## ORDER FOR FREE PROCESS

    IT IS HEREBY ORDERED that Petitioner in above cause who has heretofore been found to be indigent is allowed to proceed in Forma Pauperis and is granted free process.


                                                   **DISTRICT JUDGE**


    Dated: _____

2nd JUDICIAL DISTRICT COURT
COUNTY OF ^C    BERNALILLO
STATE OF NEW MEXICO

ANDREW M.  SANTILLANES
^C,

             Petitioner,

      vs.                       No. CR-39227

^C,
TIM Le Master

             Respondent.

## AFFIDAVIT OF INDIGENCY

## FORMA PAUPERIS AFFIDAVIT

    I am asking the judge to let me file my motion without payment because I have no money.  In support, the following is all the money I have.

    a.  I have $ _O_ in my account.

    b.  I receive $ _O_ each month from _____.

    c.  I have no money to pay any court costs.  ( ✓ )

    d.  I have no real estate, stocks, bonds, etc.  ( ✓ )

STATE OF NEW MEXICO     )
                      )ss
COUNTY OF _Bernalillo_ )

    I, _____, under penalty of perjury, being duly sworn, depose and say that the above statements are true and correct and that this questionnaire was executed with the knowledge that misrepresentation or failure to reveal information requested may be deemed sufficient grounds for criminal prosecution.

                                   _Andrew Santillanes_
                                   Petitioner

19 _97_. SUBSCRIBED AND SWORN TO before me this _9th_ day of _February_,

                                   _D. Jungbeck_
                                   Notary Public

My Commission Expires:

_____

OFFICIAL SEAL
D. A. JUNGBECK
Notary Public—State of New
Mexico
My Comm. Expires SEP 21, 1997

2nd    **JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

ANDREW M.  ŚANTILLANES

                     **Petitioner,**

         **vs.**                         **No.** cr-39227

TIM LeMaster

                    **Respondent.**

## MOTION FOR APPOINTMENT OF COUNSEL

     COMES NOW the Petitioner, and respectfully moves this Court for the appointment of counsel to represent the petitioner in the above-captioned cause, because as the attached affidavit indicates petitioner is without the funds or assets with which to retain counsel in this matter.

     Dated this ___9___ day of _February_, 19_97_.

                                Respectfully submitted,

                                _Andrew Santillanes_
                                **Petitioner**

IN THE 2nd district COURT
FIRST JUDICIAL DISTRICT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

STATE OF NEW MEXICO,
ANDREW M SANTILLANES          Plaintiff,
        vs.                                          No. cr-39227

TIM LeMaster                          ,
                              Defendant.

ORDER OF APPOINTMENT

This matter having come before the Court and the court being advised in the
premises;

THE COURT FINDS THAT:
[ ].  1.    The defendant is incarcerated.
[ ].  2.    The defendant is not incarcerated.

THE COURT FURTHER FINDS THAT:
[ ]   1.    The defendant is indigent and is unable to obtain counsel.
[ ]   2.    The defendant is not indigent but is unable to obtain
            counsel.

IT IS THEREFORE ORDERED THAT:
[ ]   1.    The Public Defender Department is hereby appointed to
            represent the defendant in the above-entitled cause.
[ ]   2.    _____, an attorney on contract with the Public
            Defender, shall represent the defendant in the above-entitled case.
[ ]   3.    The defendant shall reimburse the State of New Mexico in an amount
            of no less than _____ for legal representation and related
            expenses.

IT IS FURTHER ORDERED THAT:
[ ]   1.    The Application Fee is waived.
[ ]   2.    The Application Fee is required.

                                        MAGISTRATE JUDGE/DISTRICT JUDGE

The Public Defender Department is committed to a policy against discrimination based on race, color, religion, national origin, age, sex, ancestry, veteran status, marital status or mental or physical disability.

(Revised SFDO:07/01/93)

2nd JUDICIAL DISTRICT COURT
COUNTY OF ^C    BERNALILLO
STATE OF NEW MEXICO

ANDREW M.  SANTILLANES
^C,

                Petitioner,

        vs.                                    No. CR-39227

^C,
TIM Le  Master

                Respondent.

### AFFIDAVIT OF INDIGENCY

### FORMA PAUPERIS AFFIDAVIT

        I am asking the judge to let me file my motion without payment

because I have no money.  In support, the following is all the money I

have.

        a.  I have $ _O_ in my account.

        b.  I receive $ _O_ each month from _____.

        c.  I have no money to pay any court costs.  ( ✓ )

        d.  I have no real estate, stocks, bonds, etc.  ( ✓ )

STATE OF NEW MEXICO        )
                           )ss
COUNTY OF _Bernalillo_ )

        I, _____, under penalty of perjury, being duly sworn,

depose and say that the above statements are true and correct and that

this    questionnaire    was    executed    with    the    knowledge    that

misrepresentation or failure to reveal information requested may be

deemed sufficient grounds for criminal prosecution.

                        _____
                                Petitioner

19 _97_. SUBSCRIBED AND SWORN TO before me this _9th_ day of _February_.

                        _____
                                Notary Public

My Commission Expires:

_____

OFFICIAL SEAL
D. A. JUNGBECK
Notary Public—State of New
Mexico
My Comm. Expires SEP 21, 1997

2nd    **JUDICIAL DISTRICT COURT**
**COUNTY OF** BERNALILLO
**STATE OF NEW MEXICO**

ANDREW M.  ŚANTILLANES

                      Petitioner,

            vs.                                    No. cr-39227

TIM LeMaster

                    Respondent.

**MOTION FOR APPOINTMENT OF COUNSEL**

    COMES NOW the Petitioner, and respectfully moves this Court for

the appointment of counsel to represent the petitioner in the above-

captioned cause, because as the attached affidavit indicates petitioner

is without the funds or assets with which to retain counsel in this

matter.

    Dated this ___9___ day of _Febsvary_, 19_97_.

                              Respectfully submitted,


                              _Andrew Santillanes_
                              **Petitioner**

IN THE 2nd district COURT
FIRST JUDICIAL DISTRICT
COURT OF BERNALILLO
STATE OF NEW MEXICO

STATE OF NEW MEXICO,
ANDREW M SANTILLANES    Plaintiff,
          vs.                                          No. cr-39227

TIM LeMaster_____,
                        Defendant.

### ORDER OF APPOINTMENT

This matter having come before the Court and the court being advised in the premises;

THE COURT FINDS THAT:

[ ]. 1.    The defendant is incarcerated.
[ ]. 2.    The defendant is not incarcerated.

THE COURT FURTHER FINDS THAT:

[ ] 1.    The defendant is indigent and is unable to obtain counsel.
[ ] 2.    The defendant is not indigent but is unable to obtain counsel.

IT IS THEREFORE ORDERED THAT:

[ ] 1.    The Public Defender Department is hereby appointed to represent the defendant in the above-entitled cause.
[ ] 2.    _____, an attorney on contract with the Public Defender, shall represent the defendant in the above-entitled case.
[ ] 3.    The defendant shall reimburse the State of New Mexico in an amount of no less than _____ for legal representation and related expenses.

IT IS FURTHER ORDERED THAT:

[ ] 1.    The Application Fee is waived.
[ ] 2.    The Application Fee is required.

                                        MAGISTRATE JUDGE/DISTRICT JUDGE

The Public Defender Department is committed to a policy against discrimination based on race, color, religion, national origin, age, sex, ancestry, veteran status, marital status or mental or physical disability.

(Revised SPDO:07/01/93)

SECOND JUDICIAL DISTRICT COURT

COUNTY OF BERNALILLO

STATE OF NEW MEXICO

        No. CR 39227
        DA#: 85-0012-01

STATE OF NEW MEXICO,

        Plaintiff,

    vs.

ANDREW MICHAEL SANTILLANES,
DOB: 12-19-57
SSN: 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
ADD: Unknown

        Defendant.

FILED
SECOND JUDICIAL DISTRICT

JUL 25  2 57 PM '85

_Eloise_

JUL 25 1985

## JUDGMENT, SENTENCE AND COMMITMENT

On July 11, 1985 this case came before the Honorable W. C.
WOODY SMITH, District Judge, for sentencing, the State appearing by
FRANK WILLIAM GENTRY and MICHAEL D. COX, Assistant District
Attorneys, the Defendant appearing personally and by his attorney
Joseph Riggs, and the Defendant having been convicted on July 11,
1985, pursuant to guilty verdicts, accepted and recorded by the
Court, of the offenses of:  Count I:  First Degree Murder, Count II:
Attempted Armed Robbery, Count III:  Attempted Armed Robbery - all
felony offenses occurring on December 25, 1984.

The Defendant is hereby found and adjudged guilty and
convicted of said crimes, and is sentenced to the custody of the
Corrections Department to be imprisoned for the term of Life



**EXHIBIT**

**A**



ENTERED

RP 136

State vs. ANDREW MICHAEL SANTILLANES                    No. CR 39227
JUDGMENT, SENTENCE AND COMMITMENT                       Page No. 2

Imprisonment on Count I; 3 Years on Count II and 3 Years on Count III

all to run consecutive to one another and to run consecutive to any

other time being served by the defendant.

    THEREFORE, You, the Corrections Department of the State of New

Mexico are hereby commanded to take the above-named Defendant in

custody and confine him for the above term.

    Defendant is to receive credit for 188 days pre-sentence

confinement and for post-sentence confinement until delivery to the

place of incarceration.

    IT IS FURTHER ORDERED that the Defendant be placed on parole

for 5 years after release and be required to pay parole costs.

                                        _W Smith_____
                                             DISTRICT JUDGE

Reporter:   Jan L. Gallegos

APPROVED:

_Frank William Gentry_____
Assistant District Attorney

_____
Attorney for Defendant

1165c vm

RP 137

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

97 FEB 21 AM II: 46

*Thomas J. Ruiz*

NO.   85-39227

ANDREW MICHAEL SANTILLANES          ,
            Petitioner,

VS.

STATE OF NEW MEXICO          ,
            Respondent.

## ORDER

RE: Petition for Writ of Habeas Corpus

THIS MATTER having come before the Court on Petitioner's Petition for Writ of Habeas Corpus and/or other pleading(s) pursuant to Rule 5-802 of the Rules of Criminal Procedure for the District Courts, the Court having reviewed the record and being otherwise fully advised in the premises, FINDS AND ORDERS THAT:

(  )  This matter is dismissed because of improper venue.

(  )  This matter is summarily dismissed because as a matter of law Petitioner is not entitled to relief.

*   *   *   *

(  )  Petitioner is granted permission to proceed __in forma pauperis.__

(  )  The Respondent is directed to file a response within ten days / by _____.

(  )  An evidentiary hearing will be held at _ _ ___(AM)(PM) on _____, _____, for a period of _____ minutes/hours on the Court's criminal calendar and notice will be sent.

(  )  The Public Defender / _____ is appointed to represent the Petitioner.

( )  The parties shall file briefs as follows:

Petitioner shall file his/her brief in chief

by _____,

Respondent shall file his/her answer brief

by _____,

Petitioner shall file his/her reply brief, if

any, by _____.

( )  Oral arguments will be heard at _____ (AM) (PM)

on _____, _____, for a period

of _____ minutes/hours on the Court's criminal

calendar and notice will be sent.

\*    \*    \*    \*

( )  The Writ / Motion for _____

is granted.

(✗)  The Writ / Motion for _Habeas Corpus_

is denied.

( )  OTHER

_____

_____

_____

_____

DISTRICT JUDGE, DIVISION _VI_

cc: Petitioner
    District Attorney
    Attorney General
    Public Defender



April 4, 1997

Mr. Andrew M. Santillanes  #33948
N.M.S.P.
P.O. Box 1059
Santa Fe, New Mexico 87504-1059

Dear Mr. Santillanes:

Your Petition for Writ of Certiorari was received in our office on April 1, 1997.

A petition for Writ of Certiorari to the district court must be filed on or before the **30th day** after the district court files its decision.  In your case, the petition should have been filed on or before **March 24, 1997.**

Our rules will not allow us to accept a petition for writ of certiorari that is late for any reason.

Your petition is being returned.

Cordially,

Jane Gurule, Chief Deputy Clerk
Supreme Court of New Mexico

Enclosures

LAW OFFICES
## GALLAGHER & CASADOS, P.C.
219 CENTRAL N.W.-SUITE 528
POST OFFICE BOX 1189
ALBUQUERQUE, NEW MEXICO 87103

J.E. CASADOS
NATHAN H. MANN
MICHAEL P. WATKINS
BARBARA L. MATHIS
M. CLEA GUTTERSON
WENDY E. YORK
GAIL STEWART

OF COUNSEL:
DAVID R. GALLAGHER

(505) 243-7848

September 29, 1986

Mr. Andrew Michael Santillanes
PNM 33948
Post Office Box 1059
Santa Fe, New Mexico  87501

Dear Andrew:

I am sorry to tell you that the New Mexico Supreme Court has affirmed your first degree murder conviction.  I have enclosed the necessary papers for you to apply to Federal Court for relief.  I have also enclosed the briefs that were filed in the case.

I think your issue is a good one.  I hope that you pursue it to its fullest in Federal Court.

Sincerely,

Wendy E. York

WEY:tmm

Enclosures

*Andrew Santillanes*
*# 33948    <B-C*

(Ineffective Counsel; Certiorari Should
of been Filed; NOT FEDERAL a APPEAL
WAS NOT DEFENDED Properly w/ Issue(s)

CONTINUATION
(SMITH)
DOCKET NO. 39227

| DATE | PROCEEDINGS | MISC. | INDEX |
|------|-------------|-------|-------|
| Oct 1 | Filing Receipt for Taped Transcript of Proceeding on SANTILLANES.  vg | | |
| Oct 16 | Filing J&S on SEDILLO,  sentenced to Corr. Dept. for total of 15 yrs, of which 7 yrs. & 6 mon suspended, placed on prob 5 yrs, enter in-house drug or alcohol rehab program, not to be set to Corr. Dept. until guarantee def transfer to outside institution, 2 7 days credit.  vg | | |
| Oct 16 | Filing Not. of Entry of J&S to J. Bogren on SEDILLO.  vg | | |
| Oct 18 | Filing Request for Exhibits on SANTILLANES.  vg | | |
| Oct 24 | Filing Release of Exhibits on SANTILLANES.  vg | | |
| 1986 | | | |
| Jan 13 | Filing Order of Probation on SEDILLO, 5 yrs, upon release until 5 yrs after release. | | |
| Jan 16 | Filing J&S on SEDILLO, sentenced to Corr. Dept. for total of 15 yrs, of which 7 yrs 6 mon suspended, placed on prob 5 yrs, 0 prob. costs, complete in house drug/alcohol treatment, def not be sent to Corr. Dept. until guarantee transfer to outside institution, 267 days credit, 2 yrs parole pay costs, concurrent w/probation.  vg | | |
| Jan 16 | Filing Not. of Entry of J&S to J. bogren on SEDILLO.  vg | | |
| Mar 6 | Filing Notice of Booking on SEDILLO, here awaiting transfer. | vg | |
| Sept 04 | Filing Order on SEDILLO; def. shall be transferred immediately from BCDC to Dept. of Corr.; while in custody of Dept. of Corr. def. shall be housed in Protective Custody no General Popluation; Dept. of Corr. shall within 90 days make suitable arrangements for the transfer of def. to an out of state facility as required by the J&S; if transfer cannot be made within 90 days Dept. of Corr. shall notify the Court.        an | | |
| Sep 19 | Filing N.M. SUPREME COURT MANDATE on A. SANTILLANES; Judgment and Sentence affirmed. kk | | |
| Oct 31 | Filing return of exhibits on SANTILLANES.  gls | | |
| 1987 | | | |
| Mar 16 1989 | Filing Nolle Prosequi as to Count III only (SEDILLO)     cl | | |
| JUN 21 | Filing Exhibit Record Card on A. SANTILLANES; Destruction Date: 05-19-89. | 1mc | |
| Dec 8 | Filing Amended Order of Probation on SEDILLO; 5 years beginning 11-28-89 ofter release form custody until 11-28-94 or until further order of the Court; enter and complete an in-house drug and alcohol program. ckm | | |

# United States District Court

## District of New Mexico
## Office of the Clerk
## Dennis Chavez Federal Building
## and U. S. Court House
P.O. Box 689
Albuquerque, New Mexico 87103

**Robert M. March**
Clerk Of Court
(505) 248-8052
FAX (505) 248-8124

**Divisional Offices**
P.O. Box 2384
Santa Fe, NM 87504-2384
(505) 988-6481
FAX (505) 988-6473

ROOM C-242
200 East Griggs
Las Cruces, NM 88001
(505) 527-6800
FAX (505) 527-6817

DATE: February 5, 1997

TO:   Andrew Santillanes          RE:  2254 Habeas Corpus Package
      #33948
      PO Box 1059
      Santa Fe, NM  87504-1059

In response to your recent inquiry, the following is being provided for your information:

_____Case status:  The matter is currently under review by the Court.

_____Case status:  Your case was terminated on_____.

_____Case status:  Other_____.

___X___The forms or documents you requested are enclosed.

_____You may challenge your state conviction by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, once you have exhausted your state court remedies, including your right to appeal.  You may request the appropriate forms at that time.

_____Other_____

Sincerely,

ROBERT M. MARCH, CLERK


BY Erica Cleland
    Pro Se Division

Enclosures