IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

98 MAY 29 PM 2:49

RUTH A. HOLLIDAY

    Plaintiff,

vs.    CIV 97-00569 LH/JHG

SECRETARY, Department of Health
and Human Services of the United
States,

    Defendant.

**PLAINTIFF'S OPPOSITION TO MAGISTRATE'S RECOMMENDED DECISION**

    Pursuant to 28 U.S.C. 636, Plaintiff respectfully objects to the Magistrate Judge's Proposed Findings and Recommended Decision filed on May 19, 1998 for the following reasons:

    1.    The Magistrate finds that the Plaintiff worked as a substitute teacher from 1980 to 1984, three days a week at $5.00 an hour. R. 72-82. During <u>that time period</u>, those earnings, of approximately $480 a month constituted substantial gainful activity. (Recommended Decision, Paragraph 11.)

    2.    There is no dispute that Plaintiff engaged in substantial gainful activity [SGA] during the 1980s.

    3.    In 1990, the required earnings for SGA was raised to $500 per month. <u>See</u> 20 C.F.R. 404.1564(b)(2)(vii) requiring earnings average of over $500.00 a month. The issue is not whether Plaintiff engaged in substantial gainful activity when admittedly she was working and non-disabled in the 1980s. The issue is whether the time of her disability claim, at the time of hearing, such work would have been substantial gainful activity. The answer is in the negative. Accordingly, even if Plaintiff could have



performed the work that she performed from 1980 to 1984 such finding does not support the conclusion that Plaintiff is not disabled under the Social Security Act in the 1990s.

4.  The Magistrate is incorrect, however, in reasoning that the three days a week at $5.00 an hour was at the time of hearing or at any relevant time during Plaintiff's disability claim, substantial gainful activity.

5.  The Magistrate omits reference to the affidavit of from the Department of Education regarding the requirement of licensure for substitute teachers, apparently not held by Plaintiff, as well as Plaintiff's supplemental transmission of 2/9/98 that the Dictionary of Occupational Title contains no such reference to substitute teaching as a job title.

Accordingly, while part time employment may, in some cases, constitute SGA, the tenuous evidence of 15 hours a week substitute teaching from 1980 to 1984, where all of Plaintiff's subsequent jobs were beyond her capability, together with the change in SGA definition by this Commissioner's own regulations, support this Court not adopting the Magistrate's recommendations but reversing or remanding.

It should be noted that the case of <u>Wathawa v. Apfel</u>, D.N.M. 96-1316 MV/JHG, cited at Page 5 of Plaintiff's Reply, specifically held that 1980s earnings did not constitute SGA in the 1990s.

## CONCLUSION

In sum, the Magistrate's Proposed Decision erroneously equates Plaintiff's SGA in the 1980s with the change of SGA law during the

relevant period of this case in the 1990s. Plaintiff respectfully also reiterates the arguments advanced in her Motion to Reverse and reply to Commissioner's opposition.

Respectfully submitted,

JAMES A. BURKE
Attorney for Plaintiff
Post Office Box 9332
Santa Fe, New Mexico  87504
(505) 988-4657

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was mailed to counsel of record, Joan M. Hart, Esq., PO Box 607, Albuquerque, New Mexico  87103, this 29th  day of May 1998.

JAMES A. BURKE