IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW SANTILLANES,

        Petitioner,

vs.                            CIVIL NO. 97-0549 LH/DJS

TIM LeMASTER, Warden,

        Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

    1.    This a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction and the sentence imposed following a jury trial in No. CR 39227 in the Second Judicial District of New Mexico, which judgment was entered on July 25, 1985. In that proceeding, Petitioner was convicted of one count of First Degree Murder and two counts of Attempted Armed Robbery. Petitioner was sentenced to life imprisonment plus six years, to be followed by five years of parole. As grounds for relief, Petitioner asserts that he was denied due process, in that the state failed to disclose evidence which was exculpatory or favorable to the defense. Specifically, Petitioner contends that the prosecution suppressed the identity of confidential informants, statements made by his co-defendant, who testified for the state, and statements by a peace officer.

---

    [1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Petitioner's second ground for relief is that he was denied effective assistance of counsel at trial and on appeal.

2. 28 U.S.C. § 2254(b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Petitioner asserts that he has exhausted his state remedies and Respondent concedes that Petitioner has exhausted his state court remedies or otherwise has no available mechanism of review in the state courts.

3. Resolution of this petition turns upon the procedural history of Petitioner's post-conviction actions seeking relief from his sentence. Following his conviction, Petitioner filed a direct appeal with the New Mexico Supreme Court. Answer, Exhibit B. As grounds for his appeal, Petitioner asserted that the trial court erred by failing to hold an *in camera* hearing to determine whether disclosure of certain confidential informants was relevant and necessary, that he was denied due process by the prosecution's suppression of evidence favorable to the defense, and that comments made by the prosecutor during closing argument constituted prosecutorial misconduct. The appeal was unsuccessful. Answer, Exhibit F.

4. Petitioner filed three petitions for a writ of *habeas corpus* in state court.[2] The first petition was brought in 1994.

---

[2] Prior to filing any state *habeas* petition, Petitioner sought such relief in Federal court. Memorandum in Support of *Habeas Corpus* (Docket No. 2). That petition, styled Andrew Michael Santillanes v. George E. Sullivan, Civ. No. 87-1178 M, was dismissed without prejudice due to Petitioner's failure to exhaust

Answer, Exhibit G. In that petition, Petitioner reiterated the contention made on direct appeal that the trial court erred by failing to hold an *in camera* hearing to determine whether disclosure of the identity of certain confidential informants was necessary. Petitioner also asserted that the state intentionally withheld the names of the confidential informants, which constituted evidence favorable to the defense. In addition, Petitioner argued that the alleged suppression of the names of the confidential informants deprived him of his Sixth Amendment right to call witnesses and to use the testimony of those witnesses to impeach the state's primary witness. Petitioner also reiterated the claim made on direct appeal that he was denied a fair trial by the prosecutor's remarks during closing argument. For the first time, Petitioner asserted that insufficient evidence was presented at trial to support the charge of first degree murder. Petitioner also raised ineffective assistance of trial counsel for the first time. The petition was denied on August 16, 1994. Answer, Exhibit H. Petitioner did not seek *certiorari* review of that denial.

5. On October 6, 1995, Petitioner submitted his second state petition for writ of *habeas corpus*. Answer, Exhibit I. In that petition, Petitioner asserted that newly discovered evidence had arisen which mandated a new trial. Petitioner also asserted that his conviction for both felony murder and the underlying predicate felony, armed robbery, constituted double jeopardy. The petition was denied on July 15, 1996. Answer, Exhibit K. Petitioner sought

---

his state court remedies as to all the claims made therein.

*certiorari* review of that denial on August 5, 1996. Answer, Exhibit L. *Certiorari* was denied by the New Mexico Supreme Court on August 15, 1996. Answer, Exhibit M.

6. On February 20, 1997, Petitioner submitted his third state petition for writ of *habeas corpus*. Answer, Exhibit N. In that petition, Petitioner again asserted that his sentence should be vacated because the prosecution failed to disclose evidence favorable to the defense. Specifically, Petitioner argued that the prosecution failed to disclose the identity of confidential informants, statements made by his co-defendant, who had turned state's witness, and statements by a law enforcement officer. Petitioner also asserted that he was afforded ineffective assistance of counsel at trial and on appeal. The petition was denied on February 21, 1997. Answer, Exhibit O. Petitioner applied for a writ of *certiorari* from the New Mexico Supreme Court, however, that application was returned on April 4, 1997 because it was not timely submitted. Answer, Exhibit P.

7. The allegations in the third state *habeas* petition mirror those brought by Petitioner in the instant federal action. Because Petitioner did not timely seek *certiorari* review of the denial of his third state *habeas* petition, he has procedurally defaulted his claims before this Court. Procedural default occurs when a petitioner fails to exhaust state remedies and the court to which he would be required to present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2557

n.1, <u>reh'g den.</u> 501 U.S. 1277 (1991). Procedural default can become an adequate and independent state ground for denial of Petitioner's constitutional claims. As such, a federal court should respect that ground in the interests of comity and federalism, denying the petition for writ of *habeas corpus*. <u>See</u> <u>Church v. Sullivan</u>, 942 F.2d 1501 (10th Cir. 1991). Failure to seek review of the denial of a state petition for *habeas corpus* constitutes procedural default. <u>Dulin v. Cook</u>, 957 F.2d 758, 759 (10th Cir. 1992). <u>Dulin</u> deals with procedural default under the rules and case law of Utah as applied to a federal *habeas* petition. However, the 10th Circuit Court of Appeals has applied the case to petitions stemming from New Mexico courts. <u>Ballinger v. Kerby</u>, 3 F.3d 1371, 1374 n. 2 (10th Cir. 1993); <u>Watson v. State of New Mexico</u>, 45 F.3d 385, 387 (10th Cir. 1995). Respondent has not raised the issue of procedural default; however, that issue may by raised by the Court *sua sponte*. <u>Hines v. United States</u>, 971 F.2d 506, 509 (10th Cir. 1992).

8. In this case, the state Supreme Court relied upon an adequate and independent state ground, Petitioner's failure to timely seek *certiorari* review of his state *habeas* petition, when it refused to consider his claims. Answer, Exhibit P. Failure to timely submit an application for writ of *certiorari* to the New Mexico Supreme Court constitutes procedural default. <u>See</u> <u>Ballinger</u>, 3 F.3d at 1374. In all cases where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review is barred unless the prisoner can demonstrate cause for the default and

5

actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750. In order to satisfy the "cause" standard, Petitioner must show that "some objective factor external to the defense" impeded his compliance with New Mexico's procedural rules. <u>Dulin</u>, 957 F.2d at 760 (quoting <u>McClesky v. Zant</u>, 499 U.S. 467, 493; <u>reh'g den.</u> 501 U.S. 224 (1991)). He must also demonstrate actual prejudice arising from the failure to comply. <u>Engle v. Isaac</u>, 456 U.S. 107, 129 (1981). In the context of procedural default, the "fundamental miscarriage of justice" standard requires that the petitioner show that his case presents "extraordinary circumstances when a constitutional violation probably has caused the conviction of one innocent of the crime." <u>McCleskey</u>, 499 U.S. at 494.

9.  The petition and pleadings before this Court do not indicate that Petitioner can show either cause and prejudice for his failure to timely seek *certiorari* review or that a fundamental miscarriage of justice will occur if the Court fails to consider the merits of Petitioner's claims. Accordingly, this matter should be dismissed with prejudice.

**RECOMMENDED DISPOSITION**

That the petition be dismissed with prejudice due to Petitioner's procedural default of his claims in state court.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE

FILED AT ALBUQUERQUE NM
JUL -8 1997
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW SANTILLANES,
      Petitioner,
v.                               CIV. NO. 97-549 LH/DJS

TIM LeMASTER, Warden,
      Respondent.

### PETITIONER'S TRAVERSE TO RESPONDENT'S ANSWER

#### TRAVERSE POINT 1

Obviously a controversy exists from the state's allegation that Petitioner is in lawful custody. Petitioner has alleged that he is confined in Prison of New Mexico because of violations of the Constitution of the United States as extended to the states by the Fourteenth Amendment; therefore a case and controversy exists which will require litigation per the Rules of Title 28 U.S.C. § 2254 and the federal rules of civil procedure as to discovery and hearings.

Petitioner believes that his Fourth, Fifth, Sixth and Fourteenth Amendment rights were violated and has asserted facts that if true would entitle relief.

#### TRAVERSE POINT 2

Respondent denies all allegations, and presumeably the facts stated; thus, discovery, and a hearing are required to determine the truth or falsity of Petitioner's allegations of law and fact.

#### TRAVERSE POINT 3

Petitioner does not contest the state's admission that exhaustion has occurred of any state remedy. Petitioner agrees with state's contention in this numbered point.

#### TRAVERSE POINT 4

Petitioner believes Respondent's statement in re exhibits submitted to be true. However the transcript of the trial should be a part of the record also. Same is necessary for resolution of all issues.



## TRAVERSE POINT 5

Petitioner has alleged that he is innocent of the crime with which he was charged and convicted; and further that violations of the Articles or Amendments to the United States Constitution caused the conviction. Petitioner conceeds that the issues and facts could have been more eloquently stated. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) is directly on point. Petitioner believes that a mere technical error cannot be an excuse to hold an innocent person in prison or to prevent federal review. Same is especially true in light of <u>O'Neal v. McAninich</u>, 513 U.S. \_\_\_\_, 130 L.Ed 2d 947, 115 S.Ct 992 (1995) since Petitioner believes that a complete review of the record will meet the "grave doubt standard" as set out in <u>O'Neal</u>, id.. Same is further enhanced by the recent decision in <u>Kyles v. Whitley</u>, 514 U.S. \_\_\_\_, 131 L.Ed 2d 490, 115 S.Ct 1555 (1995) which case is directly on point with the issues raised in the instatnt case.

Surely, the state is not alleging that Petitioner's failure to identify the Amendments violated in his grounds statements is sufficient to cause a dismissal of the case.

Any deficiency should be corrected by allowing Petitioner to Amend his petition to include the specific Amendments that were violated. Substance should prevail in this case and Petitioner has stated the due process violations covered by the Fourteenth Amendment in his attachments. Merits should be determined by rules of §2254 & 55.

Respectfully submitted July 1, 1997.

Certificate of Service
I certify that a true copy was put in the prison mail system, addressed to Patricia Gandert, Asst. Att.Gen., P.O. Drawer 1508, Santa Fe, NM 87504 this <u>1st</u> day of July 1997.

*Andrew Santillanes*

Andrew Santillanes, #33948
C.B. #2
P.O. Box 1059
Santa Fe, NM 87504

2.