FILED
AT ALBUQUERQUE NM

AUG 2 5 1997

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW SANTILLANES,

    Petitioner,

vs.

                            Civil No. 97-0549 LH/DJS

                            Objections per 28 U.S.C.
TIM LeMASTER, Warden,        § 636(b) (1)

    Respondent.

## PETITIONER'S WRITTEN OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Petitioner, pro se, objects to the magistrate's proposed findings of fact and recommended disposition as stated as follows.

### PARAGRAPH 1

Petitioner objects to the finding in that it fails to state that Petitioner was totally innocent of felony murder and of robbery for which he was found to be guilty. Petitioner has vehemently maintained his actual factual innocence of both crimes.

### OBJECTIONS TO PARAGRAPH 2

Respondent conceeds that no state remedy is available and that exhaustion has occurred. This finding and concession conflicts with finding 6 in that the procedural bar alleged relates directly to the concept of exhaustion. Per <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991) the state's highest court must be fairly presented with an opportunity to rule upon the issues and issue a plain statement that the decision of the court rests upon an independent and adequate state law basis. Even if such statement is made, the federal court must look to the last reasoned opinion. No state remedy; yet, a finding sua sponte that a procedural bar exists is outside the reach of the intent expressed in <u>Ylst v. Nunnemaker</u>, 501 U.S. 797 (1991).

1.

Further, under the Antiterrorism and Effective Death Penalty Act both factors availability and addequacy of state remedies are to be considered before honoring a procedural bar or before considering abuse of writ. Petitioner maintains and firmly believes that the enforcement of the United States Constitution cannot be so easily procureally barred. It's a sick concept that renders the U.S. Constitution meaningless and subordinates constitutional rights to state procedural rules. In order to bar review, hearings would be necessary, after adequate discovery and in courts with the integrity to find violations of the constitution's provisions if same was clearly shown. Surely, this court knows that the state's courts are so lacking in integrity and competence find that even ing that the comity of requiring exhaustion should not be granted. How can it be that the state conceeds exhaustion but the federal court finds a failure to exhaust (exhaustion and failure to timely present to Supreme Court are essentially the same thing). A.E.D.P.A., in relation to the the alleged procedural bar, should be considered.

<u>Petitioner conceeds to exhaustion and accepts the finding as far as it goes to be true.</u>

<u>PARAGRAPH 3 OBJECTIONS</u>

None!

<u>PARAGRAPH 4 OBJECTIONS</u>

None!

<u>OBJECTIONS TO PARAGRAPH 5</u>

None!

<u>OBJECTIONS TO PARAGRAPH 6</u>

Again, the magistrate fails to include the fact that Petitioner asserted his actual factual innocence of both felony murder and of robbery.

2.

The magistrate failed to consider the cause of the late filing in the Supreme Court: the denial by the state district court came at the time of the <u>phoney tunnel issue</u> at prison of New Mexico while the prison was on <u>total lock-down</u> for most of a month. It was impossible for anyone to have petitioned for anything at all or to ask for an extension during that period. There was much publicity about the phoney tunnel issue. Petitioner was in no way at fault in the matter of the so-called tunnel. No one has said that he was in any way at fault in the alleged tunnel. The state's actors or agents created the entire incident. Petitioner could not even get a legal envelope or an address of where to write. He had no typewriter nor paper and no access to the law library. This was the cause of the late filing for certiorari in the state's Supreme Court. The state should not be allowed to profit or benefit from its own bad acts.

The prejudice is that a factually innocent person, who would not have been convicted by any rational trier of fact absent the constitutional violations, was convicted because of said errors as stated in Petitioner's petition as amended and will serve 33 years in prison for a crime for which he is innocent. Petitioner incorporates by reference all of the facts alleged in his petition in this objection and in showing cause and prejudice resulting from the alleged procedural default. <u>Said default should be excused.</u>

### OBJECTIONS TO PARAGRAPH 7

The magistrate discloses that the state did not allege procedural default and therefore did not attempt to benefit from the so-called tunnel incident; thus, it is wrong for the court to raise the issue. The state has apparently already excused the late filing for certiorari. This court should excuse the alleged default for the cause and prejudice shown herein in paragraphs 2 and 6 that are

3.

incorporated by referrence herein. <u>Failure to review the claim will result in a fundamental miscarriage of justice</u>. Petitioner further maintains that the state's inadequate procedures in the state's district court prevent or may impede the showing of the miscarriage of justice as constitutional violations having caused the conviction of an innocent person; this is further reason why a hearing after discovery and expansion of the record should be held by this court. <u>Ylst,</u> id., as to subsequent state actions excusing procedural. This is one of those situations where the state has excused the bar but the prosecutor magistrate refuses to do so.

## OBJECTIONS TO PARAGRAPH 8

Grossly ineffective assistance of counsel, as was provided by the state, is a structural defect in the criminal trial process. <u>Brecht v. Abrahamson,</u> 507 U.S. 619 (1993). The other claims of constitutional violations show that but for the violations no rational trier of fact would have found Petitioner guilty of the charges. Instead of upholding and defending the U.S. Constitution certain of the New Mexico District's federal judges applaud the violations. Subsequent state action excused the bar. <u>Ylst,</u> supra. When a person's hands are tied, as by the lockdown, at Prison of New Mexico's Main Facility, the person cannot be faulted for not clapping his hands and most certainly by those who tied his hands.

## OBJECTIONS TO PARAGRAPH 9

The magistrate is grossly wrong in his finding in this paragraph. Petitioner maintains that if the Rules governing procedures in Title 28 U.S.C. § 2254 cases are followed he can show his actual innocence and the procedural bar should be excused by the cause as shown above. The prejudice is obvious in that an innocent person will be required to spend 33 years in prison. This court has a duty

4.

to cause the enforcement of the United States Constitution in New Mexico.

## OBJECTIONS TO RECOMMENDED CONCLUSION

The magistrate has recommended the most drastic action possible, i.e., dismissal with prejudice. Same should be ignored. The judge should review the magistrate's findings de novo and find that the magistrate's discovered procedural bar is non existant and/or excused by subsequent state action or waiver. Cause and prejudice has been amply shown to excuse the procedural bar.

The written objections are submitted August 21, 1997.

*Andrew Santillanes*
Andrew Santillanes, 33948
C.B. # 2, Main
P.O. Box 1059
Santa Fe, NM 87504

## CERTIFICATE OF SERVICE

I certify that a true copy has been placed in the prison mail system this 21st day of August 1997, addressed to the Attorney General, P.O. Drawer 1508, Santa Fe, NM 87504.

*Andrew Santillanes*

5.