IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

*FILED*
*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW MEXICO*

98 MAY 14 PH 3:33

ANDREW SANTILLANES,

      Petitioner,

vs.                                  Civ. No. 97-549 LH/DJS

TIM LEMASTER, Warden,

      Respondent.

## RESPONSE TO "MEMORANDUM IN SUPPORT OF PETITIONER'S NON-PROCEDURAL DEFAULT IN THIS HABEAS PETITION"

Respondent through counsel files this Response in Opposition to the "Memorandum in Support of Petitioner's Non-Procedural Default in this Habeas Petition."

Petitioner procedurally defaulted his federal habeas claims by failing to file a timely petition for certiorari in the New Mexico Supreme Court. The New Mexico appellate rule governing certiorari to the district courts from a denial of a state habeas corpus petition, NMRA, 12-501, required petitioner to file any petition with the supreme court clerk within 30 days after final action by the district court. Rule 12-501 specifically does not allow a petitioner for certiorari an additional three days for mailing.

Rule 12-501 also requires that "[s]ervice of any paper shall be made and proof thereof accomplished in accordance with Rule 12-307. NMRA, 12-307 provides:

1

   A. **Filing.** Papers required or permitted to be filed in a court shall be filed with the clerk thereof. Filing by mail is not complete until actual receipt.

   B. **Service of all papers required.** Copies of all papers filed by any party and not required by these rules to be served by the clerk shall be served by such party or person acting for the party on all other parties to the proceeding. Service shall be upon the attorney of record of the party to be served or upon the party if the party has no attorney. Service may be made by either personal service or by mail. Service shall be made at or before the time of filing the paper in the appellate court.

   C. **Proof of service.** Proof of service, in the form of written acknowledgment of the party to be served or certificate of the clerk of the court of the attorney making service, or affidavit of any other person, shall state the name and post office address of counsel on whom service has been made, or the name and post office address of the party if the party has no attorney. Such proof of service shall be filed with the papers filed or immediately after service is effected.

In addition to his failure to comply with NMRA, 12-501, petitioner failed to comply with NMRA, 12-307 which requires service of all papers filed and proof of that service. The petition for writ of certiorari does not indicate that it was ever served on any party. (See Answer, Exhibit P Attachment). There is no proof of service on the document. Had there been such a service, there might have existed some independent proof that Petitioner mailed the petition on the date which he claims it was mailed.

In the present case, Petitioner failed to file a timely petition for certiorari. From the record available, it appears that the New Mexico Supreme Court initially accepted the petition for filing. However, the clerk determined that the

2

petition did not comply with Rule 12-501, because it was untimely. Pursuant to New Mexico rules of procedure, the clerk refused to file the petition.

The law in New Mexico has been settled for many years that late filing of a petition for certiorari is a jurisdictional bar and such petitions have not been considered by the New Mexico Supreme Court. <u>Serna v. Board of County Commissioners</u>, 88 N.M. 282, 284, 540 P.2d 212 (1975); <u>Gulf Oil Corp. v. Rota-Cone Field Operating Co.</u>, 85 N.M. 636, 515 P.2d 640 (1973). By adoption of the rules of appellate procedure, the New Mexico Supreme Court has determined that, "[f]iling by mail is not complete until actual receipt." NMRA, 12-307(A). There is no special rule for pro se inmates or prisoners.

In addition, the New Mexico Supreme Court has delegated to the clerk the authority to refuse to file any document which does not comply with the rules. NMRA, 23-102 sets forth as one of the duties of the clerk:

> H. **Documents not complying with rules.** It shall be the duty of the clerk to enforce the several requirements of these rules by refusing to file documents not complying therewith.

There is no basis for Petitioner's assertions in his Memorandum that there is no authority in the New Mexico Supreme Court Rules for the actions taken by the clerk in the present case. The New Mexico Supreme Court has specifically stated that one of the duties of the clerk is to refuse to file documents which do not conform with the rules. The petition filed in this case did not conform with NMRA, 12-501 because it was untimely. The petition

also did not comply with NMRA, 12-307 since it was not served on the parties to the proceeding.

In habeas corpus proceedings federal courts do not review the lawfulness of a prisoner's custody when it results from a state court judgment that is based on independent and adequate state grounds. <u>Coleman v. Thompson</u>, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); <u>Andrews v. Deland</u>, 943 F.2d 1162, 1188-89 (10th Cir. 1991), <u>cert</u>. <u>denied</u>, 112 S.Ct. 1213 (1992). The independent and adequate state ground doctrine was developed by the United States Supreme Court in <u>Harris v. Reed</u>, 489 U.S. 255, 260, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) and <u>Wainwright v. Sykes</u>, 433 U.S. 72, 81-82, 97 S.Ct. 2497, 2503-2504, 53 L.Ed.2d 594 (1977).

One independent and adequate state ground is, "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." <u>Coleman v. Thompson</u>, 111 S.Ct. at 2554. The New Mexico Supreme Court's refusal to consider petitioner's untimely petition for certiorari was an independent and adequate state ground in accordance with the test stated in <u>Andrews v. Deland</u>, <u>supra.</u> 943 F.2d at 1190.

This Court should not consider a petitioner's federal habeas corpus petition when the petitioner has not given the highest state court the opportunity to consider his claims by way of certiorari. <u>Ballinger v. Kerby</u>, 3 F.3d 1371, 1374 (10th Cir. 1993); <u>Dulin v. Cook</u>, 957 F.2d 758, 759 (10th Cir. 1992). In <u>Coleman v. Thompson</u>, <u>supra.</u>, the United States Supreme Court

4

refused to consider a federal habeas petitioner's claims because his notice of appeal to the Virginia Supreme Court from a state habeas had been filed three days late causing the Virginia Supreme Court to deny review.

Petitioner would have this Court ignore his procedural default. He would have this Court disregard the United States Supreme Court's requirement that state procedural rules be honored by federal courts and disregard "the important interests served by state procedural rules at every stage of the judicial process, and the harm to the States that result when federal courts ignore these rules...." Coleman v. Thompson, 111 S.Ct. at 2564. One of the state's important interests is finality of proceedings. 111 S.Ct. at 1565. One of the most significant costs of federal habeas review is the cost to finality in state criminal litigation. 111 S.Ct. at 2563. "We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them." 111 S.Ct. at 2565.

The Supreme Court requires that a state procedural bar be honored regardless of the nature of the federal claim unless cause and prejudice or a fundamental miscarriage of justice is demonstrated. 111 S.Ct. at 2564, 2565. "By filing late, Coleman defaulted his entire state collateral appeal." 111 S.Ct. at 2564 "[A] constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." 111 S.Ct. at 2565, quoting with approval Yakus

v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944).

The New Mexico Supreme Court's bar against late petitions for certiorari is an adequate state procedural ground. That is, the procedural rule applied by the supreme court is applied evenhandedly to all similar petitions in the vast majority of cases. Serna v. Board of County Commissioners, supra; Gulf Oil Corp. v. Rota-cone Field Operating Co., supra; See Dugger v. Adams, 489 U.S. 401, n.6, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989) (United States Supreme Court states that in the vast majority of cases the Florida Supreme Court faithfully applied its rule that claims not raised on direct appeal cannot be raised on postconviction review); Andrews v. Deland, 943 F.2d at 1190.

In the present case, petitioner cannot show that the New Mexico Supreme Court has permitted late petitions to be filed. He cannot show that the New Mexico Supreme Court's procedural rule has not been applied faithfully in the vast majority of cases.

Petitioner did not "fairly present" the New Mexico Supreme Court with an opportunity to rule on the issues in his habeas corpus petition. Fair presentation implies timely presentation so that a state court need not disregard or violate its procedural rules to entertain the issues. As the United States Supreme Court stated in Coleman v. Thompson, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the

state courts of an opportunity to address those claims in the first instance." 111 S.Ct. at 1555.

In order to excuse such procedural default, Petitioner must establish "good cause" and "prejudice" in connection with that default. In <u>Coleman v. Thompson</u>, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the guidelines were set out in this manner:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  111 S.Ct. at 2565, 115 L.Ed.2d at 646.

Petitioner has not shown "cause and prejudice" to bring himself within that exception to procedural default. Such a cause must be external to the petitioner and not attributable to him. <u>Rodriquez v. Maynard</u>, 948 F.2d 684, 687 (10th Cir. 1991). Petitioner contends that because he placed the petition in the prison mailbox on March 19, 1997, and it should have arrived at the New Mexico Supreme Court by March 24, 1997, that cause exists to excuse his procedural default. Apparently Petitioner gambled that the mail would arrive at the New Mexico Supreme Court in time for his petition to be filed within the time prescribed by the rule. The filing requirements of NMRA, 12-501 are mandatory and explicitly state that no extra time is permitted for mailing. NMRA, 12-307 also explicitly states that "[f]iling by mail is not complete until actual receipt."

7

Even if his late filing were inadvertent, the Supreme Court has noted that, "the costs associated with an ignorant or inadvertent procedural default are no less than where the failure to raise a claim is a deliberate strategy: it deprives the state courts of the opportunity to review trial errors." Coleman v. Thompson, 111 S.Ct. at 2566.

Petitioner had the means and opportunity to acquaint himself with the appellate rules and procedures and there is no cause to excuse his default. On March 5, 1997, access to the prison law library was resumed for those inmates in the main facility. Petitioner could have sent his petition any time after that date. The petition filed in this case did not require any special legal expertise since the material facts, the basis for granting certiorari, and the argument all referred to: "attached on supplemental grounds attachment." (Answer, Ex. P Attachment). All Petitioner had to do was fill out and mail the form.

Because petitioner has not shown cause for his procedural default, this Court does not need to address the issue of prejudice. Steele v. Young, 11 F.3d 1518, 1522, n.7 (10th Cir. 1993).

Petitioner argues that this Court should apply the rationale of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), to the present case. In Houston, the United States Supreme Court held that a pro se prisoner's notice of appeal was filed for purposes of the time limit under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, at

8

the moment of delivery to prison authorities for mailing to the court. As the Tenth Circuit noted in the case of <u>Jenkins v. Burtzolf</u>, 69 F.3d 460, 461 (10th Cir. 1995):

> The rationale of *Houston* was not constitutional or equitable in nature; rather, it was based on an interpretation of the word "filed" in the rule and statute governing the timeliness of notices of appeal. The Court held that a notice of appeal could be deemed timely "filed" upon delivery to the prison authorities for mailing.

In the <u>Jenkins</u> case, a federal prisoner with a pro se habeas corpus petition did not file a timely notice of appeal although he allegedly mailed the notice on the same date that he received the order. Jenkins had alleged that because of the transfers from facility to facility while he was in continuous custody that he did not receive his copy of the order in the mail until after he returned to jail. The Tenth Circuit addressed the issue as "whether the delay in Jenkins' receipt of the district court order should be considered in determining the timeliness of the appeal." <u>Jenkins</u>, 69 F.3d at 461. The Tenth Circuit concluded that even if the Court accepted as true the unverified allegations in the prisoner's papers, he failed to meet the requisite time limits for appealing and for moving to extend the time for appeal.

Similarly in the present case, even assuming that Petitioner mailed the petition for certiorari on March 19, 1997, he still failed to meet the requisite time limits for filing a petition for writ of certiorari under New Mexico law. Unlike the federal courts, the State of New Mexico has no special rule for prisoners. It would be inappropriate for this

9

Court to apply the rationale of the United States Supreme Court's interpretation of its federal rule to New Mexico's appellate practice which has its own rules. The New Mexico Supreme Court has adopted its own procedural rules regarding the filing of documents and this Court should defer to them in this case.

The procedural default in this case is an adequate and independent state ground for denial of Petitioner's constitutional claims. As such, a federal court should respect this ground in the interests of comity and federalism and deny the petition for writ of habeas corpus. See <u>Church v. Sullivan</u>, 942 F.2d 1501 (10th Cir. 1991).

For all the foregoing reasons, the petition for writ of habeas corpus should be dismissed with prejudice due to petitioner's procedural default of his claims in state court.

Respectfully submitted,

TOM UDALL
Attorney General

*[signature]*
Patricia Gandert
Assistant Attorney General

Attorneys for Respondent
Post Office Drawer 1508
Santa Fe, New Mexico 87504
(505) 827-6930

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by mailing a copy to Petitioner's counsel:

> Roger Finzel
> Assistant Federal Public Defender
> First State Bank Building—Suite 501
> 111 Lomas Boulevard NW
> Albuquerque, NM  87102

on this _17th_ day of May, 1998.

_____
Assistant Attorney General