IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW SANTILLANES,

        Petitioner,

v.                                    Civ. No. 97-549 LH/DJS

TIM LEMASTERS,

        Respondent.

### MOTION TO CONTINUE THE EVIDENTIARY HEARING

COMES NOW Andrew Santillanes, Petitioner, through his attorney, Assistant Federal Public Defender Roger A. Finzel, and moves this court to continue the evidentiary hearing scheduled for Thursday, January 14, 1999, until a date after March 31, 1999. In support of this request, counsel for petitioner states the following:

1.    On May 5, 1998, an evidentiary hearing was held on the issue of cause to preserve this petition against the claim of procedural default because this petitioner's petition for writ of certiorari to the New Mexico Supreme Court was allegedly filed untimely.

2.    In support of petitioner's petition, an affidavit was filed on April 29, 1998, from Robert S. Chappael. That affidavit was submitted without objection in support of the petitioner's claim that he has overcome the alleged default for good cause shown. Since that time, additional information has come to light, but has not necessarily been included in the record.

3.    An evidentiary hearing has been scheduled for January 14, 1999. Counsel for

petitioner has been preparing to present additional evidence regarding the cause and prejudice issued herein. In spite of the court's order, counsel did not understand that this hearing would include all issues relating to the merits of the petitioner's claim.

4. The court has not ruled on the cause and prejudice issues. Counsel has been informed that the court intends to conduct an evidentiary hearing on all issues, including the merits of the petitioner's claims at this evidentiary hearing. Counsel understands that in order to establish prejudice, some of the evidence that would be used with regard to the merits of the ineffectiveness claim may go to the heart of the prejudice issue as well.

5. Upon review of the original habeas petition and all remaining issues, it now appears that counsel will have to call additional witnesses including the prosecutor in the case as well as the defense attorney. One of the issues involves an allegation of failure to turn over <u>Brady</u> and other related potentially exculpatory information. Another issue relates to the ineffectiveness of his trial counsel.

6. Counsel was involved in preparation and the trial of a first degree murder case from Thanksgiving through December 17. Since December 18th, counsel has had an upper bronchial viral infection and was not at work from the 19th until December 30th. Because of this delay, counsel was unable to properly prepare for the evidentiary hearing in this case.

7. Because counsel has been so preoccupied with the first degree murder trial, a number of other cases have languished and now must be resolved in the January, February and March calendars.

8. In addition, counsel has to argue before the Tenth Circuit Court of Appeals in

Denver, Colorado, on January 20, 1999, *Powers v. Tansy* which was not supposed to have oral argument. Counsel must now scramble to get ready for that oral argument. That has priority over other matters.

9. Counsel for the respondent, Assistant Attorney general, Patricia Gandert has no objection to this request.

10. Counsel has previously discussed this matter with Mr. Santillanes. He is doing a substantial period of time in prison. He, therefore, wishes that every effort be made to provide the best possible hearing and argument with regard to this habeas. This is his last opportunity to present the facts necessary to have his unjust convictions overturned and he wants all steps taken to ensure that the best possible job will be done. Therefore, he has no objection to this requested continuance of the evidentiary hearing.

WHEREFORE, counsel respectfully requests a continuance of the evidentiary hearing set for January 14, 1999, until a date after March 31, 1999. This should allow sufficient time for counsel to interview the witnesses necessary for the hearing as well as review all the documents relevant to the issues for the hearing.

Respectfully submitted,

I hereby certify that a true copy of the foregoing was mailed to Asst. Atty. General Patricia Gandert, P.O. Drawer 1508, Santa Fe, NM 87504, this _11_ day of January, 1999.

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

_____
Roger A. Finzel
Attorney for Petitioner