IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW SANTILLANES,

    Petitioner,

vs.                          Civ. No. 97-549 LH/DJS

TIM LEMASTER, WARDEN,

    Respondent.

### RESPONDENT'S OBJECTIONS TO
### COURT'S ORDER SETTING AN EVIDENTIARY HEARING

Respondent, through counsel, Patricia Gandert, Assistant Attorney General, files these objections to this Court's Order setting an evidentiary hearing on the merits of Petitioner's claims. Respondent is filing these objections in order to preserve Respondent's record.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner is not entitled to an evidentiary hearing. The AEDPA amended Section 2254 of Title 28, United States Code regarding the requirements for an evidentiary hearing in habeas corpus cases. The act provides in pertinent part:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court <u>shall</u> <u>not</u> <u>hold</u> an evidentiary hearing on the claim unless the applicant shows that-----
>
>     (A) the claim relies on----
>
>         (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>         (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

43

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No 104-132, 110 Stat. 1214 (1996) codified at 28 U.S.C. Section 2254(e)(2). (Emphasis added).

There is no indication that the requirements for the holding of an evidentiary hearing have been met in this case. The claims which Petitioner makes do not rely on a new rule of constitutional law and the factual predicate for his claims was known to Petitioner at trial or shortly thereafter. Finally, the facts underlying the claims which he raises are not sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the Petitioner guilty of the underlying offenses. Petitioner also had the opportunity to present evidence regarding his claims in an evidentiary hearing before the state district court.

The first claim which Petitioner raises in his federal habeas corpus petition, that his conviction was obtained by the constitutional failure of the prosecution to disclose evidence favorable to him, is the same claim which was raised on his direct appeal to the New Mexico Supreme Court. In federal habeas proceedings, this Court applies a presumption of correctness to factual findings and credibility determinations and to the legal conclusions reached by the state courts unless the petitioner rebuts the presumption by clear and convincing evidence. See 28 U.S.C. Sections 2254(d) & (e). "The new AEDPA increases the

deference to be paid by the federal courts to the state court's factual findings and legal determinations." <u>Houchin v. Zavaras</u>, 107 F.3d 1465, 1470 (10th Cir. 1997).

Accordingly, this Court must afford the presumption of correctness to the facts and legal conclusions contained in the Decision filed by the New Mexico Supreme Court which bear directly on the claims before the Court. In determining that there was no due process violation under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the New Mexico Supreme Court found:

> We determine that, under the facts of the instant case, the informants' identities were not material because there is no showing that their disclosure to the defense would have changed the results of either the guilt/innocence phase or the sentencing phase of the trial.
>
> Santillanes was convicted of felony murder. Under the theory of felony murder, it is immaterial which of the perpetrators of the underlying felony commits the actual murder. It is enough that the perpetrators commit an inherently dangerous felony or the felony is committed under circumstances that are inherently dangerous. (Citation omitted.) In the instant case the underlying felony was attempted armed robbery.
>
> Santillanes does not contend that he was not present and/or involved in the attempted armed robbery. Under the felony murder theory, it is immaterial whether he or Sedillo was the actual killer. Santillanes could still be convicted of first degree felony murder. Thus, any information the informants might have revealed to defense counsel would have been immaterial to Santilllanes' culpability for felony murder. The results of the guilt/innocence phase of his trial would not have been different. As to the materiality of the informants' identities to Santillanes' punishment, this too, would have been immaterial because felony murder is a capital felony and under NMSA 1978, Section 31-18-14(A) (Repl.Pamp. 1981), "[w]hen a defendant has been convicted of a capital felony, he <u>shall</u> be punished by life imprisonment or death . . ." (Emphasis in original). Even if Santillanes were

3

>     able to bring forth the informants to testify that
>     Sedillo committed the actual murder, the punishment
>     for the crime of felony murder would have remained
>     life imprisonment.  Therefore, we determine that the
>     identity of the informants was immaterial to
>     Santillanes' case and no denial of due process
>     occurred.

(Respondent's Answer filed on June 9, 1997, Exhibit F).

In addition, the New Mexico Supreme Court determined that under the facts in the case, the testimony that might have been given by the informants was hearsay and inadmissible under New Mexico's Rules of Evidence.  Therefore, there was no error in the trial court's failure to order an in camera hearing.

This Court must give the presumption of correctness to the conclusion of the New Mexico Supreme Court.  The decision was not based on an unreasonable determination of the facts in light of the evidence presented.  Moreover, Petitioner has not rebutted this presumption by clear and convincing evidence.

The second claim which Petitioner raises in his petition is that both his appellate and trial counsel were ineffective.  To establish a claim of ineffective assistance of counsel, Petitioner must establish (1) that counsel's performance was constitutionally deficient; and (2) that the petitioner was prejudiced thereby.  <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  "Counsel's performance is deficient if the representation 'falls below an objective standard of reasonableness." <u>United States v. Cook</u>, 45 F.3d 388, 392 (10th Cir. 1995) (quoting <u>Strickland</u>, 466 U.S. at 690).  "Prejudice is 'a reasonable probability that, but for counsel's unprofessional

4

errors, the result of the proceeding would have been different.'" Id. (quoting Strickland. at 694).

Petitioner appears to be arguing that his appellate counsel should have filed a petition for writ of certiorari. However, Art. 6, § 2 of the New Mexico Constitution provides that appeals from a judgment of the district court imposing a sentence of life imprisonment shall be taken directly to the New Mexico Supreme Court. Appellate counsel cannot be ineffective for following the proper procedure.

Petitioner's other claims of ineffective assistance of counsel are unintelligible. Petitioner has failed to identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. He appears to be arguing that counsel should have pursued the line of questioning regarding the confidential informants. However, as previously discussed above, there was no prejudice since the New Mexico Supreme court determined that the evidence was not admissible.

Petitioner also appears to argue that defense counsel was ineffective because he advised Petitioner not to testify and because he failed to get in the results of a polygraph test. Petitioner's allegations fall within the auspices of trial tactics. Moreover, Petitioner has failed to show how counsel's alleged deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. at 692. Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

5

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Id.</u> at 694. Petitioner has failed to show a reasonable probability that but for these errors which he alleges, the result of his trial would have been different. "A defendant who fails to allege any particulars in which representation was inadequate may not prevail on a claim of ineffective assistance based on conclusory allegations of ineffective performance." <u>Eskridge v. United States</u>, 443 F.2d 440, 443 (10th Cir. 1971). Petitioner's claim of ineffective counsel is without merit.

Petitioner fails to meet the requirements set forth under § 2254(e)(2) for the setting of an evidentiary hearing. Affording the presumption of correctness to the factual findings and the legal conclusions reached by the state courts, it is clear that under the facts in the present case, an evidentiary hearing is not needed.

WHEREFORE, Respondent respectfully requests this Court to reconsider its Order setting an evidentiary hearing.

> Respectfully submitted,
>
> PATRICIA A. MADRID
> Attorney General
>
> _/s/ Patricia A. Gandert_
> PATRICIA A. GANDERT
> Assistant Attorney General
>
> Attorney for Respondent
> Post Office Drawer 1508
> Santa Fe, New Mexico 87504-1508
> (505) 827-6930

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed to counsel for Petitioner:

Roger Finzel
Assistant Federal Public Defender
111 Lomas NW, Suite 501
Albuquerque, NM  87102

this  11th  day of March, 1999.

_Patricia Gandert_
Assistant Attorney General