IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| ANDREW SANTILLANES | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civ. 97-549LH/DJS |
| | ) | |
| TIM LeMASTER | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION TO RECUSE**

COMES NOW the Petitioner, through his attorney, Roger Finzel, Assistant Federal Public Defender, and respectfully requests that Judge Svet recuse himself from this case. As grounds for this motion, the attorney for Mr. Santillanes states:

**I. INTRODUCTION**

1.  Judge Svet has been assigned as the magistrate judge in Mr. Santillanes' habeas petition request.

2.  Judge Svet has extra-judicial knowledge of Mr. Santillanes' conviction in federal court for an unrelated rape.

3.  Judge Svet gained his knowledge about the rape while he was working as an Assistant United States Attorney (AUSA).

4.  Although Judge Svet did not prosecute or supervise the rape trial, the egregious

1

and outrageous circumstances of the rape were common knowledge at the United States Attorney's office, and Judge Svet learned about the case from the prosecuting attorneys.

5.   At an evidentiary hearing regarding Mr. Santillanes' habeas petition, Judge Svet recalled Mr. Santillanes' previous rape conviction, that the rape had occurred on Kirtland Airforce Base, that there were three co-defendants, that the rape was violent, and that the defendants received substantial sentences.

## II. ARGUMENTS AND AUTHORITIES

Judge Svet should recuse himself from Mr. Santillanes' habeas petition proceeding because, based on his knowledge of the violent rape case, he has formed an opinion about Mr. Santillanes that could impact his ability to be impartial or appear impartial in this habeas case.

According to 28 U.S.C. § 455(a) "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) requires disqualification when any fact reasonably suggests the judge lacks impartiality. See U.S. v. Gipson, 835 F.3d 1323, 1325 (10th Cir. 1988). Additionally, 28 U.S.C. § 455(b)(1) requires that a judge, justice or magistrate shall disqualify himself when "he has a personal bias or prejudice concerning a party . . . ." Id. Lastly, 28 U.S.C. § 455(b)(3) requires that a judge, justice, or magistrate disqualify himself when "he has served as governmental employment and in such capacity participated as counsel, advisor, or material witness . . . ." See id.

Section 455(b) requires recusal when past or present associations of the judge create a presumption of partiality. See Gipson, 835 F.3d at 1325.

Under § 455, if a judge determines that "sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality," then the judge has a duty to recuse himself. U.S. v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). In the Tenth Circuit, the test to determine whether a judge should recuse himself is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Id. (quoting United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)). The inquiry is limited to whether a "reasonable factual basis exists for calling the Judge's impartiality into question." Id. Further, the inquiry is limited to "outward manifestations and reasonable inferences drawn therefrom." Id. at 993.

However, in analyzing whether a judge should recuse himself, "what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 547 (1994). According to the Supreme Court, "[t]he goal of 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then the appearance of partiality is created even though no actual partiality exists . . . ." Liljeberg v. Health Servs. Acquisition, 486 U.S. 847, 860 (1988). Avoiding the appearance of partiality requires that "[i]f the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of refusal." Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995).

3

The Tenth Circuit has clearly stated that § 455(b)(3) requires a judge to recuse himself if he was an Assistant United States Attorney earlier in his career and worked on a case, no matter how minimally, involving a defendant that is now appearing in court before him. If the judge did not work on the case but was working for the United States Attorney's office at the time the defendant's previous case was being prosecuted, then § 455(b)(3) does not mandate that the judge recuse himself. See id. However, even if § 455(b)(3) does not require the judge to recuse himself, the judge still retains the discretion to, and sometimes should, recuse himself even though he did not actually participate in the defendant's previous case. See Mangum v. Hargett, 67 F.3d 80, 83 n.7 (5th Cir. 1995).

Although Judge Svet did not actually participate in Mr. Santillanes' previous prosecution, and thus § 455(b)(3) does not mandate that he recuse himself, the Judge should either exercise his discretion under that section and recuse himself or find that § 455(a) requires that he recuse himself to avoid the appearance of partiality. The factual situation requiring recusal to avoid appearing partial is Judge Svet's extensive extra-judicial knowledge of the defendant's previous trial and conviction for a vicious rape that occurred on Kirtland Airforce Base. At an evidentiary hearing in Mr. Santillanes' habeas proceeding, Judge Svet demonstrated an in-depth knowledge of the previous prosecution and his opinion of the previous crime by stating that he recalled many of the facts and that he thought the previous crime was a particularly violent one. In addition, Judge Svet did

not know exactly why he remembered the facts of the previous prosecution, but he erroneously believed that he had been the First Supervising Attorney on the case. A reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality in Mr. Santillanes' habeas case. No matter how hard he tries, Judge Svet will not be able to distance himself from his prior knowledge of the defendant's conviction for a very violent rape. Therefore, to avoid the appearance of partiality, Judge Svet should recuse himself from Mr. Santillanes' habeas proceeding.

Assistant Attorney General Patricia Gandert, under these circumstances, has no objection to this request.

The petitioner, Andrew Santillanes, appreciates the manner in which Judge Svet has conducted the hearing in this case. However, he believes that the judge's knowledge and negative impression of the defendant arising from his prior work in the United States Attorney's office cannot but creep into and affect Judge Svet's consideration of the petitioner's habeas petition. Petitioner believes that a reasonable person "would harbor doubts about the judge's impartiality." See Burger, 964 F.2d at 1070.

WHEREFORE, counsel respectfully requests that Magistrate Judge Svet recuse himself from this case.

                                        Respectfully submitted,

I hereby certify that a true copy of the foregoing was delivered to the in box for the U.S. Attorney at the U.S. District Court this 18th day of June, 1999.

FEDERAL PUBLIC DEFENDER
111 Lomas, NW, Suite 501
Albuquerque, N.M. 87102
(505) 346-2489

_____
ROGER A. FINZEL
Attorney for Defendant

6