IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW SANTILLANES,

        Petitioner,

v.                                Civ. No.  97-549 LH/LFG

TIM LEMASTER, Warden

        Respondent.

## PETITIONER'S REPLY BRIEF

COMES NOW counsel for the Petitioner and hereby files this Reply Brief to the Respondent's Memorandum Brief filed September 9, 1999.  An extension of time for filing this Reply Brief was filed and approved by the Court allowing counsel until October 18, 1999 for the filing of this Reply Brief.  Except as stated herein counsel reiterates the arguments and legal support from his Brief-In-Chief.

    1.      Petitioner's federal habeas corpus raised the issue of denial of effective of assistance of counsel at trial and on appeal (competent scope of representation, diligence and communication).  Incorporated therein is the argument that his trial counsel was ineffective because he made serious errors regarding investigation, preparation, communication and advice. Therefore, trial counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment.  Strickland v. Washington, 466 U.S. 668 (1984).



2.    At the evidentiary hearing trial counsel for the Petitioner testified that he advised the Petitioner not to testify because the government did not have a very good case against him and because Petitioner's prior egregious conviction for a rape in federal court would be used against him.

3.    Present counsel for Mr. Santillanes believed that the fifth issue raised in the Petitioner's Memorandum Brief was incorporated within the concept of ineffective assistance of trial counsel.  However, present counsel is now persuaded by Respondent's argument that whereas the issues are similar, the issue raised as the fifth issue in the Petitioner's Brief is more expansive and of a broader constitutional dimension than that originally raised by the Petitioner.  The request that this Court fashion a new rule requiring Judges to determine whether a defendant has knowingly and intelligently agreed to testify or not to testify is therefore withdrawn from the Petitioner's pleading.  Counsel does not seek to have the Petition and the Writ for Habeas Corpus dismissed simply because of the inclusion of this argument.  Present counsel submits that there is ample evidence of the ineffectiveness of trial counsel and that the court need not reach the larger issue.

4.    Petitioner presented at the evidentiary hearing and through exhibits and documents ample support that his claims are not procedurally defaulted.  It is unfair for the state to delay the mailing of a pro se litigant's petition (as established from the record in this case) and then claim that the petition cannot be filed because it is untimely.  Prisoners have no way to insure timely delivery of their petitions.  The Respondent simply argues that New

2

Mexico Courts do not recognize the "mailbox" rule.  However, Respondent did not mention

or respond to the decision of the Tenth Circuit Court of Appeals on June 29, 1999 in the case

of the United States v. Gray, 1999 West Law 436 403, No. 98-6043 at pg. 8 of Petitioner's

Brief.  A careful reading of the Gray case fully supports Petitioner's conclusion and position

that he has not procedurally defaulted his claims.

5.      As previously argued, Defendant's testimony at the evidentiary hearing was the

first time that his version of events had been heard.  In fact, it appears that it was not known

to defense counsel, because defense counsel did not ask the defendant to explain in detail

what happened.  If it is true that Mr. Santillanes' version of events exculpates him and that

his trial counsel never inquired about it, then that not only serves as a basis to overcome the

procedural default (because he is arguably innocent) but it also establishes that trial counsel

provided ineffective assistance.  Counsel reasserts the arguments previously made in the

Brief -In-Chief regarding this matter.

6.      A review of the transcript of the evidentiary hearing shows that trial counsel

examined the evidence against the defendant, examined the defendant's criminal history and

made a determination irrespective of any other facts that it would be ill advised for the

defendant to testify.  Trial counsel did not discuss and apparently did not make a detailed

inquiry or investigation into the defendant's version of what happened.  Since trial counsel

did not know defendant's version of what happened he could hardly be effective at trial.  The

question of a polygraph would never have come up under those circumstances.  Trial counsel

for the Petitioner could not recall if the issue came up. Trial counsel was ineffective because he failed to fully explore the defendant's version of events, and to investigate the crime, and determine how to best defend against the charges.

7.    Respondent argues that under the AEDPA federal courts must afford the presumption of correctness not only to the factual findings of the trial court but to the of the appellate courts of the State of New Mexico. Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir. 1997). (Respondent's brief at pg.6). Presumption of correctness may attach to state factual conclusions but the Tenth Circuit only said in Houchin v. Zavaras that the federal courts increase the deference to be paid to state legal determinations.  Houchin does not provide and did not go so far as to create a presumption that the state legal conclusions are correct.

8.    A careful review of the case law compels counsel for the Petitioner to agree with counsel for the Respondent that ineffective assistance never is to be governed by the harmless error analysis. While counsel for the Petitioner has argued that the conduct of trial counsel does not constitute harmless error, it is irrelevant for the purposes and that issue is also withdrawn.

9.    The transcript of the testimony of Petitioner at the evidentiary hearing shows what Petitioner has been trying to explain these many years. Since the trial counsel did not know what Petitioner's version was, then trial counsel's decisions could not be anything but ineffective. Petitioner claims that trial counsel was ineffective in his examination of the

4

former co-defendant cooperating witness and actual murderer. A trial counsel cannot do a good cross-exam or explore the possibility of a polygraph if he is unfamiliar with the defendant's version of what happened. He cannot formulate the right questions for the cross-examination or the polygraph without understanding the defendant's side of the story.

10.    It is always the obligation and burden of the state to prove the defendant guilty beyond a reasonable doubt. The state is on offense and the defendant is on defense. Sometimes the best defense is a good offense. There was no offense provided in this case for the Petitioner. But, there was an offense available. Petitioner's testimony of what happened would have exculpated him in front of a jury. His version of events would have provided an opportunity for trial counsel to arrange a polygraph examination on the pertinent questions regarding the defendant's version. None of these things happen because trial counsel was ineffective. As a consequence, by relying entirely on defense, the defendant was convicted and is serving a long period of imprisonment. His trial counsel's inadequate decisions, lack of diligence and poor communication constitute ineffective assistance of counsel.

Respectfully submitted,

I hereby certify that a
true copy of the foregoing
pleading was mailed to Asst.
AG Patricia Gandert, P.O. Drawer
1508, Santa Fe, NM 87504-1508
this _18_ day of October 1999.

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd. NW
Albuquerque, NM  87102
(505) 346-2489


ROGER A. FINZEL
Attorney for Petitioner