**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Jane B. Howell
Chief Deputy Clerk

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

May 15, 2001

MAY 17 2001

[signature]
CLERK

Mr. Robert M. March
Clerk
United States District Court for the District of New Mexico
333 Lomas NW, Suite 270
Albuquerque, NM 87102-2242

Re:    00-2172, Santillanes v. LeMaster
       Dist/Ag docket:  CIV-97-549-LH/LFG

Dear Mr. March:

   Enclosed for the clerk of the trial court or the named agency, is a certified copy of the order and judgment filed in this case which is issued as the mandate of this court.  See Fed. R. App. P. 41(a). Please file it in the records of your court or agency.

   The clerk of the district court is requested to acknowledge receipt of this mandate by file stamping and returning the enclosed copy of this letter. Any original record will be returned to you at a later date.

       Please contact this office if you have questions.

                              Sincerely,

                              PATRICK FISHER
                              Clerk

                              By: [signature] Fabrizio
                                  Deputy Clerk

PF:kf

cc:   Roger A. Finzel
      Stephen P. McCue, Fed. Public Defender
      Patricia A. Gandert

F I L E D
United States Court of Appeals
Tenth Circuit

APR 23 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ANDREW MICHAEL SANTILLANES,

    Petitioner-Appellant,

v.

TIM LEMASTER, Warden; ATTORNEY GENERAL FOR THE STATE OF NEW MEXICO,

    Respondents-Appellees.

No. 00-2172
(D.C. No. CIV-97-549-LH/LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **PORFILIO**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Andrew Michael Santillanes appeals from the district court's order denying his petition for writ of habeas corpus. This matter comes before us on petitioner's request for a certificate of appealability (COA).

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In order to receive a COA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this standard if he shows that his issues "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997). To the extent petitioner attacks the district court's procedural rulings, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon consideration, we grant COA but affirm the district court's order denying habeas relief.

Petitioner was convicted after a jury trial of first degree felony murder and two counts of attempted armed robbery. The New Mexico Supreme Court affirmed his conviction in 1986. Thereafter, he filed three state habeas petitions, asserting a variety of grounds for relief, each of which was denied by the New Mexico courts.[1]

---

[1] Petitioner also filed a previous habeas petition in federal district court, which was dismissed as a mixed petition to allow petitioner to exhaust his state remedies. See Rose v. Lundy, 455 U.S. 509 (1982).

In his third petition, petitioner raised two issues. He contended: (1) that the prosecution had unconstitutionally failed to disclose evidence favorable to him; and (2) that he was denied effective assistance of counsel at trial and on appeal. The state district court denied this petition on February 21, 1997. Petitioner attempted to file a petition for writ of certiorari in the New Mexico Supreme Court within the thirty days allowed. The certiorari petition was due on March 24, 1997, but was not received by the supreme court until April 1, 1997. An employee of the Supreme Court clerk's office returned the petition unfiled, because she had received it after the deadline.

Petitioner asserts that he placed his petition in the prison legal mailbox five days prior to the expiration of the thirty-day filing deadline. However, it was not even postmarked until nine days later, after the deadline had passed. He thereafter filed this petition for writ of habeas corpus in federal district court, raising the same claims raised in his third state habeas petition. After an evidentiary hearing, the district court ruled that petitioner had procedurally defaulted his claims by failing to raise them on a timely basis to the New Mexico Supreme Court. The district court determined that New Mexico would not follow the "mailbox rule" established for the federal courts in <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

Petitioner contests this determination. He contends that his ineffective assistance of counsel claims have not been procedurally defaulted. Alternatively, he argues that his procedural default should be excused.

Resolution of petitioner's arguments requires us to consider four distinct procedural issues. The first is, whether New Mexico follows or would adopt the mailbox rule in determining the timeliness of petitions for certiorari from the denial of habeas petitions. The second question is whether New Mexico's enforcement of its thirty-day filing deadline constituted an independent and adequate state ground for rejecting petitioner's petition. If so, the third issue is whether petitioner can show cause and prejudice sufficient to excuse the procedural default. Finally, we take up the issue of whether petitioner has made a colorable showing of actual innocence sufficient to excuse his procedural default. In assessing petitioner's claims, "[w]e review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard." Ross v. Ward, 165 F.3d 793, 798 (10th Cir. 1999).

1. Would New Mexico adopt the mailbox rule for certiorari petitions?

In Houston v. Lack, the Supreme Court held that a prisoner's "notice of appeal was filed at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." Houston, 487 U.S. at 276. This rule became known as the "prison mailbox rule" or simply the "mailbox rule." Houston was

-4-

based on language of a Federal Rule of Appellate Procedure governing timely notice of appeal. While some states have adopted a similar rule as a matter of state law, others have not.

We previously considered the mailbox rule under New Mexico law in Adams v. LeMaster, 223 F.3d 1177 (10th Cir. 2000), cert. denied, 121 S. Ct. 1198 (2001). There, we addressed New Mexico court rules pertaining to post-conviction habeas proceedings and held that "the New Mexico Supreme Court would side with those state courts relying on the plain meaning of their respective state procedural rules to reject the prison mailbox rule." Id. at 1183.

Petitioner attempts to distinguish Adams. He points out that Adams was concerned with when a habeas corpus petition was "properly filed" in state district court for purposes of 28 U.S.C. § 2244(d)(1). Here, by contrast, we are concerned with whether the mailbox rule applies to the filing of a petition for writ of certiorari to the New Mexico Supreme Court. We acknowledge that different courts within a state system may treat the mailbox rule differently. See, e.g., Hunnicutt v. State, 952 P.2d 988, 989 (Okla. Crim. App. 1997) (refusing, in appeal to Oklahoma Court of Criminal Appeals, to follow mailbox rule adopted by Oklahoma Supreme Court which rested on special statute applicable only to appeals to that court).

-5-

Although it was not specifically at issue in <u>Adams</u>, we also had occasion to discuss application of the mailbox rule to petitions for certiorari filed in the New Mexico Supreme Court:

> [I]n habeas cases once a petitioner "files" a petition for certiorari with the New Mexico Supreme Court, the petition is deemed denied if "certiorari is not granted by the Supreme Court within thirty (30) days after filing." N.M. R. Crim. P. 5-802G (3). While we are unable to find any case law on point, it strains credulity to argue the thirty-day period begins running prior to the petition's arrival at the New Mexico Supreme Court.

<u>Adams</u>, 223 F.3d at 1182.

In other words, a petition for certiorari is not considered "filed" until actually received by the clerk. This filing (that is, receipt by the clerk) must occur within thirty days of the district court's decision. N.M. R. Crim. P. 5-802G. Moreover, the three-day mailing period established elsewhere in the appellate rules does not apply to extend this filing period. <u>See</u> N.M. R. App. P. 12-501(B). "Thirty days" appears to mean exactly what it says.

We have stressed that the mailbox rule is not constitutional or equitable in nature, but depends entirely upon interpretation of the word "filed" as it is used in the applicable rule or statute. <u>See</u> <u>Jenkins v. Burtzloff</u>, 69 F.3d 460, 461 (10th Cir. 1995) (discussing <u>Houston v. Lack</u>). The interplay of the New Mexico court rules appears to leave no room for application of the mailbox rule to this case.

Petitioner argues that, notwithstanding the text of the rules, the New Mexico Supreme Court takes a flexible attitude toward filing deadlines. He claims that, given the chance, the New Mexico Supreme Court would institutionalize this flexibility by adopting the mailbox rule. He urges us to test this hypothesis by certifying the question to that court.

We have reviewed the cases cited by petitioner for his "flexibility" hypothesis, and find them inapposite here. In <u>Chavez v. U-Haul Co. of New Mexico, Inc.</u>, 947 P.2d 122 (N.M. 1997), the pro se appellant faxed his notice of appeal to the district court fifty-eight minutes late. The New Mexico Supreme Court excused his late filing in part because it was only marginally untimely, and because the New Mexico Constitution provides an aggrieved party with an absolute right to one appeal. <u>Id.</u> at 170.

The circumstances here are significantly different. The proceeding at issue here was not petitioner's direct appeal, guaranteed by the New Mexico Constitution, but an application for a discretionary writ of certiorari from his <u>third</u> habeas petition. Cf. <u>State v. Peppers</u>, 796 P.2d 614, 619 n.2 (N.M. Ct. App. 1990) (distinguishing habeas petition, from which there is no right of appeal, from right to directly appeal conviction <u>once</u>, guaranteed by New Mexico Constitution). Moreover, he was more than marginally late.

Petitioner also cites <u>Trujillo v. Serrano</u>, 871 P.2d 369, 374 (N.M. 1994). In that case, the New Mexico Supreme Court stated that an untimely appeal should be heard if the actions of the magistrate court from which appeal was taken <u>caused</u> the untimely filing. No such allegation is made here. We conclude that New Mexico would not adopt the mailbox rule for petitions for certiorari to the New Mexico Supreme Court from denial of state habeas petitions.

2. Is the decision based on an independent and adequate state ground?

We must next ask whether the decision of the New Mexico Supreme Court rejecting petitioner's petition for certiorari as untimely "rests on a state law ground that is independent of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). If so, petitioner has procedurally defaulted the issues raised in his certiorari petition, and we will not consider them.

The procedural rule applied by the New Mexico Supreme Court clearly is independent of the federal question posed by the underlying petition, because it "relies on state law, rather than federal law, as the basis for the decision." <u>English v. Cody</u>, 146 F.3d 1257, 1259 (10th Cir. 1998). We turn to the more difficult issue of its adequacy. "[I]n order to be adequate, a state rule of procedural default must be applied evenhandedly in the vast majority of cases." <u>Id.</u>

The certiorari deadline in habeas cases is phrased in mandatory terms: "Petitions for writs of certiorari shall be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition." N.M. R. App. P. 12-501(B) (emphasis added). In an attempt to show that New Mexico does not apply this deadline evenhandedly or consistently, petitioner cites cases involving writs of certiorari directed to the New Mexico Court of Appeals. Serna v. Bd. of County Comm'rs, 540 P.2d 212 (N.M. 1975); Gulf Oil Corp. v. Rota-Cone Field Operating Co., 515 P.2d 640 (N.M. 1973). In each of these cases, while recognizing the possibility of unusual circumstances justifying a late filing, the New Mexico Supreme Court ultimately refused to excuse the untimely filing. This falls short of a showing that certiorari deadlines in habeas cases are not regularly followed. We conclude that the thirty-day deadline for filing petitions for certiorari is applied evenhandedly and is both "independent" and "adequate" for purposes of procedural bar.

3. Has petitioner shown cause and prejudice?

Since petitioner "defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," we cannot review them unless he either demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. We consider

-9-

first whether petitioner has established cause and prejudice that would excuse his procedural default.

Petitioner alleges cause in that he deposited his petition for certiorari in the prison mail system prior to the deadline. In other words, he relies for his showing of cause on the same "mailbox rule" that we have concluded would be rejected by the New Mexico Supreme Court. Even if this situation constitutes cause for missing the deadline, we hold that petitioner's argument fails because he has not shown prejudice sufficient to excuse his procedural default.

Petitioner alleges that he was prejudiced because his counsel was ineffective under the test in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a petitioner to show both that his counsel was ineffective and that he suffered prejudice from the error. Id. at 687. Petitioner argues that his attorney was ineffective in failing to have him take a polygraph test and in failing to allow him to testify. Had the test come out positive (that is, had it validated his account that he was not involved in the felony murder for which he was convicted), petitioner argues, his counsel would have had good reason to put him on the stand. He meets the prejudice prong of Strickland, he argues, because the evidence against him was weak and the jury's verdict is unreliable absent his testimony in his own behalf.

Petitioner testified at the evidentiary hearing concerning the facts he would have related if he had been allowed to testify. The district court adopted the magistrate judge's conclusion that petitioner failed to show a reasonable probability that the outcome would have been different if he had testified or if his attorney had advised him to take a polygraph test. Upon our review of the record, we agree with the district court's conclusion, for substantially the same reasons stated in Magistrate Judge Garcia's findings and recommended disposition dated March 7, 2000.

4. Has petitioner shown a fundamental miscarriage of justice?

The "fundamental miscarriage of justice" exception is extremely narrow. It applies only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). The district court concluded that petitioner failed to meet his burden of showing that no reasonable juror, after hearing petitioner's story, would have concluded that he had not at least attempted to rob the victim. This attempted robbery, together with the fact of the victim's death, forms the factual predicate for the felony murder conviction. Given these facts, petitioner has failed to demonstrate that he is actually innocent of the crime. We affirm on this issue, for substantially the reasons stated in Magistrate Judge Garcia's findings and recommended disposition dated March 7, 2000.

Petitioner's application for a COA is granted. His motion for certification of an issue of state law is denied. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

>                    Entered for the Court
>
>
>                    Carlos F. Lucero
>                    Circuit Judge